**Michael WHITFIELD, Appellant**

v.

**The STATE of Texas, Appellee.**

No. 10–02–00285–CR.

Court of Appeals of Texas,
Waco.

April 21, 2004.

Vance W. Hinds, Houston, for Appellant.

Joe F. Grubbs, Ellis County Dist. Atty., and Cynthia W. Hellstern, Ellis County Asst. Dist. Atty., Waxahachie, for State.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.[1]

## MEMORANDUM OPINION

FELIPE REYNA, Justice.

Michael Whitfield was convicted of misdemeanor theft and sentenced to 180 days in jail. Whitfield complains that (1) his right to a speedy trial was violated, and (2)

---

1. This case was submitted with former Chief Justice Davis on the panel, but he resigned effective August 4, 2003. Justice Reyna, who took the oath of office on January 5, 2004, participated in the decision of the Court.

the trial court erred by preventing the cross-examination of the prosecutor. We affirm.

## SPEEDY TRIAL

Whitfield complains in his first issue that he was denied his constitutional right to a speedy trial because he was confined over 300 days before his trial. He was charged with class B misdemeanor theft, which carries a maximum sentence of 180 days.

When reviewing a speedy trial claim, we are required to independently weigh and balance four factors: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his speedy trial rights, and (4) any prejudice against the defendant. *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101, 117 (1972); *Dragoo v. State*, 96 S.W.3d 308, 313 (Tex.Crim.App.2003). Additionally, we are required to conduct a bifurcated review of the court's rulings on the defendant's speedy trial motions. Factual issues are reviewed under an abuse-of-discretion standard, while legal issues are reviewed de novo. *Zamorano v. State*, 84 S.W.3d 643, 648 (Tex.Crim.App.2002). Because the court denied Whitfield's speedy trial motion, we presume all disputed fact issues were resolved in the State's favor and defer to any of these implied findings that are supported by the record. *Id.*

### Length of the delay

The length of the delay is considered a "triggering mechanism," because absent a presumptively prejudicial delay the other *Barker* factors need not be considered. Delays of eight months or longer are usually considered presumptively unreasonable. *Kelly v. State*, 122 S.W.3d 227, 237 (Tex.App.-Corpus Christi 2003, no pet.); *see also Doggett v. United States*, 505 U.S. 647, 652, 112 S.Ct. 2686, 2691, 120

L.Ed.2d 520, 528 (1992) (holding a delay approaching one year is presumptively unreasonable). "[T]he delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge." *Barker*, 407 U.S. at 531, 92 S.Ct. at 2192, 33 L.Ed.2d at 117.

Whitfield was arrested on October 27, 2001, and was held in confinement until August 15, 2002, when he was released on a personal recognizance bond. The trial was held on September 3, 2002. A class B misdemeanor theft carries a maximum sentence of 180 days. We find the length of time from when Whitfield was arrested until his trial (311 days) is presumptively unreasonable and sufficient to trigger the analysis of the remaining *Barker* factors. *Doggett*, 505 U.S. at 652, 112 S.Ct. at 2691, 120 L.Ed.2d at 528.

### Reason for the delay

The State has the burden of justifying the delay; however, we assign different weights to different reasons for the delay. *Zamorano*, 84 S.W.3d at 649. If the State engages in a deliberate attempt to delay the trial for the purpose of prejudicing the defense, then the delay should be weighed heavily against the government. *Id.* If the delay is because of negligence or overcrowded dockets, then the delay should be weighed less heavily. *Id.*

On April 1, 2002, Whitfield was brought before the court and demanded a jury trial. At that time, Whitfield had been in confinement for 156 days. The court set the trial for August 12, 2002, extending Whitfield's stay in jail another 120 days. On the day of trial, the State asked for a continuance because the State's main witness, the officer who witnessed the crime, was hospitalized. Over defendant's objection, the court granted the continuance. On the rescheduled date of August 22, the State made another motion for continuance due to the officer's

continued hospitalization. In response, Whitfield made a motion for a speedy trial, and at the speedy trial hearing, the trial was rescheduled for September third.

While acknowledging that the State has no control over the hospitalization of its main witness, this does not excuse the four month delay in the first scheduling of the trial given the paltry nature of the charge. *Barker*, 407 U.S. at 531, 92 S.Ct. at 2192, 33 L.Ed.2d at 117. The delay is particularly unjustifiable because the length of the delay exceeded the maximum sentence for the charge and because of the court's statement at the speedy trial hearing that he could not "think of a single instance when attorneys, either on the criminal docket or the civil docket, have wanted a jury trial and couldn't get a jury trial within 30 days." We hold that this factor weighs heavily against the State.

### Assertion of rights

 There is no specific time frame in which the defendant must assert his right to a speedy trial, and the burden of protecting that right does not rest squarely with the defendant. *Zamorano*, 84 S.W.3d at 651. Nevertheless, the defendant does have the responsibility to assert the right. *State v. Munoz*, 991 S.W.2d 818, 825 (Tex.Crim.App.1999). Yet, if the defendant does not assert his right, this does not amount to a waiver of the right, but results in making it difficult for the defendant to prove he was denied a speedy trial. *Id.* Because how the defendant asserts this right is closely related to the other three factors, "the defendant's assertion of the right is entitled to strong evidentiary weight in determining whether the defendant is deprived of this right." *Zamorano*, 84 S.W.3d at 651.

 Whitfield did not assert his right to a speedy trial until after having been incarcerated for over 300 days. Whitfield argues that we should presume that he asserted his right to a speedy trial earlier because at the first opportunity he had to appear before the court and request a jury trial (April first), he had been incarcerated for approximately the maximum confinement term of his offense. We find this argument unpersuasive. Though there is a significant amount of time between Whitfield's arrest and his first appearance with an attorney before the court, Whitfield could have asserted this right any time during the four months prior to trial or during the State's first motion to continue. Furthermore, we note that after Whitfield asserted his speedy trial right, the trial occurred in twelve days. We find this factor weighs against Whitfield.

### Prejudice

 Prejudice of the defendant is assessed in light of the interests that the speedy trial right was designed to protect: (1) to prevent oppressive pretrial incarcerations, (2) to minimize anxiety and concern of the accused, and (3) to limit the possibility that the defense will be impaired. *Id.* at 652. The defendant must make a prima facie showing of prejudice. *Meyer v. State*, 27 S.W.3d 644, 650 (Tex.App.-Waco 2000, pet. ref'd). Once that is done, the burden shifts to the State to show that no serious prejudice occurred beyond that from an ordinary, inevitable delay. *Id.*

After Whitfield was arrested, he was held in prison not only on his misdemeanor theft charge, but also because he was being held on a parole revocation warrant due to the pending theft charges against him. "Under these circumstances we are ... mainly concerned with whether or not appellant's ability to defend himself was prejudiced by the delay." *Dragoo*, 96 S.W.3d at 315 (quoting *McCarty v. State*, 498 S.W.2d 212, 218 (Tex.Crim.App.1973)).

 The most important consideration is whether the defense was impaired by the delay. *Barker*, 407 U.S. at 532, 92

S.Ct. at 2193, 33 L.Ed.2d at 118; *Munoz,* 991 S.W.2d at 826. On the night of the offense, Whitfield was accompanied by a female companion. Whitfield argues that due to the delay, he was unable to locate her whereabouts, and as a result, she was unable to testify on his behalf. "Before such a contention will amount to "some showing of prejudice," the defendant must show that the witnesses are unavailable, that their testimony might be material and relevant to his case, and that he has exercised due diligence in his attempt to find them and produce them for trial." *Harris v. State,* 489 S.W.2d 303, 308 (Tex.Crim. App.1973); *see also Dragoo,* 96 S.W.3d at 313 n. 3; *Meyer,* 27 S.W.3d at 649. Though Whitfield states that the missing witness is material because she may have witnessed the offense, he does not offer any evidence on his attempts to find the witness. Therefore, he cannot show that his defense was impaired. *Harris,* 489 S.W.2d at 308; *Meyer,* 27 S.W.3d at 649.

While Whitfield suffered oppressive incarceration and undue anxiety, he has not made a prima facie showing that his defense has been impaired. Therefore, we weigh this factor in favor of the State.

■ After balancing these factors de novo, we find that the court did not abuse its discretion in denying Whitfield's speedy trial motion. The excessive delay, coupled with the State's lack of explanation for a 311 day delay on a trial for a class B misdemeanor makes this a close decision. Nevertheless, Whitfield's delay in asserting his speedy trial rights until after the State's second motion to continue, and his minimal showing of prejudice to his defense tips the balance in the State's favor. Whitfield's first issue is overruled.

### CROSS-EXAMINATION OF THE PROSECUTOR

■ Whitfield's second issue complains that the trial court erred when it denied

his Sixth Amendment right to confrontation by refusing to allow Whitfield to cross-examine the prosecutor at the speedy trial hearing concerning the State's reasons for the delay. Nonetheless, Whitfield did not properly preserve his complaint. To preserve a complaint for appellate review, a party must have presented to the trial court a timely objection that states the specific grounds for the desired ruling, if they are not apparent from the context of the objection. TEX.R.APP. P. 33.1(a). Whitfield did not raise the confrontation clause issue in his objection before the trial court, but raised it for the first time on appeal. *Paredes v. State,* 129 S.W.3d 530, 536 (Tex.Crim.App.2004) (holding failure to assert an objection based upon the confrontation clause at trial waives the issue for appeal). Whitfield has not preserved error on this issue. Therefore, Whitfield's second issue is overruled.

### SENTENCING BEYOND THE RANGE OF PUNISHMENT

■ Whitfield lists three "Points of Error" in the statement of points presented at the beginning of his brief. *See* TEX. R.APP. P. 38.1(e). Point of error number three states, "Appellant was constructively sentenced beyond the range of punishment through [sic] his incarceration exceeding the range of punishment mandated by the legislature." He does not refer to this point in the argument section of his brief, nor is it included in the table of contents. Therefore, we will not address it.

### CONCLUSION

Having overruled Whitfield's complaints, we affirm the judgment of the trial court.