BADGER V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-095-CR

MICHAEL A. BADGER APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

 MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellant Michael A. Badger appeals his forty-five-year sentence for aggravated kidnapping.  In two issues, appellant complains that the trial court erred in overruling his hearsay objections regarding evidence of an alleged burglary, taken from a police report, and evidence of alleged disciplinary violations, taken from the jail disciplinary records, all of which were contained in the pre-sentence investigation report (PSI), in violation of his right to counsel and the right to confront his accusers.  We affirm.

II.  Background Facts

On January 18, 2005, appellant pled guilty to the offense of aggravated kidnapping, and the trial court ordered a PSI be prepared.  On March 18, after considering the PSI and hearing other evidence, the trial court sentenced appellant to forty-five years in the Institutional Division of the Texas Department of Criminal Justice.  

III.  Preservation of Error

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a)(1); 
Mosley v. State
, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied, 
526 U.S. 1070 (1999).  Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court’s refusal to rule.  
Tex. R. App. P.
 33.1(a)(2); 
Mendez v. State
, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).

Here, appellant made several hearsay objections to the PSI.  The trial court sustained some of the objections by stating that the “court will ignore” several paragraphs of the PSI and overruled other objections.  Appellant objected to the “hearsay rendition of the events that—of that particular burglary of a habitation” taken from a police report.  The trial court denied the objection. Appellant’s attorney then stated, “[t]here’s reference to an . . . extraneous offense that was [sic] not resulted in a conviction.”  However, appellant’s attorney later stated that, “it appears that the statements I was talking about all are read into that police report of that incident of burglary of a habitation on 11/19/02 for which he was convicted, so I’ll withdraw that last objection.”  Based upon the record, appellant withdrew his hearsay objection to the alleged burglary, thereby failing to preserve error on this basis.  
See 
Tex. R. App. P.
 33.1(a).
(footnote: 2)
 Appellant contends that he was denied his right to counsel.  However, appellant does not explain how he was denied his right to counsel or cite to the record to support his contention.  Therefore, we deem this sub-issue inadequately briefed. 
 Tex. R. App. P.
 38.1(h); 
Tong v. State
, 25 S.W.3d 707, 710 (Tex. Crim. App. 2000), 
cert. denied
, 532 U.S. 1053 (2001).

A
ppellant further argues that even though he did not make a confrontation clause objection, his confrontation complaint regarding the burglary is presumed because the error was fundamental.
(footnote: 3)  
“Except for complaints involving systemic (or absolute) requirements, or rights that are waivable only, . . . all other complaints, whether constitutional, statutory, or otherwise, are forfeited by failure to comply with Rule 33.1(a).”  
Mendez
, 138 S.W.3d at 342.  
The right to confront witnesses may be waived if not asserted.  
Paredes
, 129 S.W.3d at 536; 
Whitfield v. State, 
137 S.W.3d 687, 692 (Tex. App.སྭWaco 2004, no pet.).  
We hold that appellant did not preserve his hearsay objection, did not adequately brief his right to counsel complaint, and failed to raise his confrontation clause complaint regarding the alleged burglary.  
We overrule appellant’s first issue.

In his second issue, appellant objected “to the box on page 13 [of the PSI] which lists violations of disciplinary rules inside the jail . . . and describes those violations.”  The trial court overruled this objection.  
An objection preserves only the specific ground cited.  
Tex. R. App. P.
 33.1(a)(1)(A); 
Mosley
, 983 S.W.2d at 265; 
Bell v. State
, 938 S.W.2d 35, 54 (Tex. Crim. App. 1996), 
cert. denied
, 522 U.S. 827 (1997); 
see also Fierro v. State
, 706 S.W.2d 310, 317-18 (Tex. Crim. App. 1986) (holding that general objection is insufficient to apprise trial court of complaint urged and thus preserves nothing for review), 
cert. denied
, 521 U.S. 1122 (1997).  
Because appellant made a general objection to the disciplinary rules violations, he did not properly preserve error based upon a hearsay objection. 
See Lewis v. State
, 664 S.W.2d 345, 349 (Tex. Crim. App. 1984).  He failed to specifically object on the basis of hearsay and he failed to identify which alleged violations he was complaining about.
(footnote: 4)
 Further, appellant again raises a right to counsel and confrontation complaint to this portion of the PSI.  However, as stated above, appellant fails to cite to the record for support that he was denied his right to counsel. Therefore, we deem this sub-issue inadequately briefed.  
See 
Tex. R. App. P.
 38.1(h).  Additionally, appellant did not object on the basis of the confrontation clause.  
To preserve a complaint for appellate review, the record must reflect that the complaint was made to the trial court and either that the trial court ruled on it, expressly or implicitly, or that the appellant objected to its refusal to do so.  
Tex. R. Evid.
 103(a); 
Tex. R. App. P.
 33.1(a)(2); 
Gutierrez v. State
, 36 S.W.3d 509, 510-11 (Tex. Crim. App. 2001); 
Darty v. State
, 709 S.W.2d 652, 655 (Tex. Crim. App. 1986).  
Therefore, we conclude that appellant failed to preserve for our review any complaint that the admission of the jail disciplinary violations violated his Sixth Amendment right to confront his accusers.  
See 
Tex. R. App. P.
 33.1.  Because we hold that appellant failed to properly preserve his complaint on the basis of hearsay and the confrontation clause , we overrule appellant’s second issue.  

IV.  Conclusion

Having overruled appellant’s two issues, we affirm the trial court’s judgment.  

TERRIE LIVINGSTON

JUSTICE

PANEL B: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: February 23, 2006

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
It is unclear from the record which statement appellant was withdrawing.  However, in appellant’s brief, he states, “[a]ppellant believes that the objection to hearsay facts in the police report contained in the Pre-Sentence Investigation were arguably preserved because they were such fundamental error in denying his Sixth Amendment rights of the U.S. Constitution.”  From this statement, it appears that appellant concedes that he withdrew the hearsay objection.  Additionally, appellant fails to cite to any authority on his hearsay objection issue.  
See 
Tex. R. App. P.
 38.1(h).  

3:
Confrontation and hearsay are distinct objections; confrontation raises constitutional issues, while hearsay invokes an evidentiary rule
.  Paredes v. State
, 129 S.W.3d 530, 535 (Tex. Crim. App. 2004)
; Ford v. State
, 179 S.W.3d 203, 207 (Tex. App.སྭHouston [14th Dist.] 2005, pet. filed)
.  

4:
There were eight violations listed on page thirteen.