COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-095-CR

 

 

MICHAEL A. BADGER                                                          APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 371ST DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I.  Introduction

 








Appellant Michael A. Badger
appeals his forty-five-year sentence for aggravated kidnapping.  In two issues, appellant complains that the
trial court erred in overruling his hearsay objections regarding evidence of an
alleged burglary, taken from a police report, and evidence of alleged
disciplinary violations, taken from the jail disciplinary records, all of which
were contained in the pre-sentence investigation report (PSI), in violation of
his right to counsel and the right to confront his accusers.  We affirm.

II.  Background Facts

On January 18, 2005,
appellant pled guilty to the offense of aggravated kidnapping, and the trial
court ordered a PSI be prepared.  On
March 18, after considering the PSI and hearing other evidence, the trial court
sentenced appellant to forty-five years in the Institutional Division of the
Texas Department of Criminal Justice.  

III.  Preservation of Error

To preserve a complaint for our review, a party must have
presented to the trial court a timely request, objection, or motion that states
the specific grounds for the desired ruling if they are not apparent from the
context of the request, objection, or motion. 
Tex. R. App. P.
33.1(a)(1); Mosley v. State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998)
(op. on reh=g), cert. denied, 526 U.S. 1070
(1999).  Further, the trial court must
have ruled on the request, objection, or motion, either expressly or
implicitly, or the complaining party must have objected to the trial court=s refusal to
rule.  Tex.
R. App. P. 33.1(a)(2); Mendez v. State, 138 S.W.3d 334, 341 (Tex.
Crim. App. 2004).








Here, appellant made several
hearsay objections to the PSI.  The trial
court sustained some of the objections by stating that the Acourt will ignore@ several paragraphs of the PSI and overruled other objections.  Appellant objected to the Ahearsay rendition of the events thatCof that particular burglary of a habitation@ taken from a police report. 
The trial court denied the objection. Appellant=s attorney then stated, A[t]here=s reference
to an . . . extraneous offense that was [sic] not resulted in a conviction.@  However, appellant=s attorney later stated that, Ait appears that the statements I was talking about all are read into
that police report of that incident of burglary of a habitation on 11/19/02 for
which he was convicted, so I=ll withdraw that last objection.@  Based upon the record,
appellant withdrew his hearsay objection to the alleged burglary, thereby
failing to preserve error on this basis. 
See Tex. R. App. P.
33.1(a).[2]








Appellant contends that he
was denied his right to counsel. 
However, appellant does not explain how he was denied his right to
counsel or cite to the record to support his contention.  Therefore, we deem this sub-issue
inadequately briefed.  Tex. R. App. P. 38.1(h); Tong v. State,
25 S.W.3d 707, 710 (Tex. Crim. App. 2000), cert. denied, 532 U.S. 1053
(2001).

Appellant further argues that
even though he did not make a confrontation clause objection, his confrontation
complaint regarding the burglary is presumed because the error was fundamental.[3]  AExcept for
complaints involving systemic (or absolute) requirements, or rights that are
waivable only, . . . all other complaints, whether constitutional, statutory,
or otherwise, are forfeited by failure to comply with Rule 33.1(a).@  Mendez, 138 S.W.3d at 342.  The right to confront witnesses may be waived
if not asserted.  Paredes, 129 S.W.3d at 536; Whitfield
v. State, 137 S.W.3d 687, 692 (Tex. App._Waco
2004, no pet.).  We hold that
appellant did not preserve his hearsay objection, did not adequately brief his
right to counsel complaint, and failed to raise his confrontation clause
complaint regarding the alleged burglary. 
We overrule appellant=s first issue.








In his second issue,
appellant objected Ato the box
on page 13 [of the PSI] which lists violations of disciplinary rules inside the
jail . . . and describes those violations.@  The trial court overruled this
objection.  An objection
preserves only the specific ground cited. 
Tex. R. App. P.
33.1(a)(1)(A); Mosley, 983 S.W.2d at 265; Bell v. State, 938
S.W.2d 35, 54 (Tex. Crim. App. 1996), cert. denied, 522 U.S. 827 (1997);
see also Fierro v. State, 706 S.W.2d 310, 317-18 (Tex. Crim. App. 1986)
(holding that general objection is insufficient to apprise trial court of
complaint urged and thus preserves nothing for review), cert. denied,
521 U.S. 1122 (1997).  Because appellant made a general objection to the disciplinary rules
violations, he did not properly preserve error based upon a hearsay objection. See
Lewis v. State, 664 S.W.2d 345, 349 (Tex. Crim. App. 1984).  He failed to specifically object on the basis
of hearsay and he failed to identify which alleged violations he was
complaining about.[4]








Further, appellant again
raises a right to counsel and confrontation complaint to this portion of the
PSI.  However, as stated above, appellant
fails to cite to the record for support that he was denied his right to
counsel. Therefore, we deem this sub-issue inadequately briefed.  See Tex.
R. App. P. 38.1(h).  Additionally,
appellant did not object on the basis of the confrontation clause.  To preserve a complaint for appellate
review, the record must reflect that the complaint was made to the trial court
and either that the trial court ruled on it, expressly or implicitly, or that
the appellant objected to its refusal to do so. 
Tex. R. Evid. 103(a); Tex. R. App. P. 33.1(a)(2); Gutierrez
v. State, 36 S.W.3d 509, 510-11 (Tex. Crim. App. 2001); Darty v. State,
709 S.W.2d 652, 655 (Tex. Crim. App. 1986). 
Therefore, we conclude that appellant failed to
preserve for our review any complaint that the admission of the jail
disciplinary violations violated his Sixth Amendment right to confront his
accusers.  See Tex. R. App. P. 33.1.  Because we hold that appellant failed to
properly preserve his complaint on the basis of hearsay and the confrontation
clause , we overrule appellant=s second issue.  

IV.  Conclusion

Having overruled appellant=s two issues, we affirm the trial court=s judgment.  

 

 

TERRIE LIVINGSTON

JUSTICE

 

PANEL B:   LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
February 23, 2006











[1]See Tex. R. App. P. 47.4.





[2]It is
unclear from the record which statement appellant was withdrawing.  However, in appellant=s
brief, he states, A[a]ppellant
believes that the objection to hearsay facts in the police report contained in
the Pre-Sentence Investigation were arguably preserved because they were such
fundamental error in denying his Sixth Amendment rights of the U.S.
Constitution.@  From this statement, it appears that appellant
concedes that he withdrew the hearsay objection.  Additionally, appellant fails to cite to any
authority on his hearsay objection issue. 
See Tex. R. App. P.
38.1(h).  





[3]Confrontation
and hearsay are distinct objections; confrontation raises constitutional
issues, while hearsay invokes an evidentiary rule.  Paredes v. State, 129 S.W.3d 530, 535
(Tex. Crim. App. 2004); Ford v. State, 179 S.W.3d 203, 207 (Tex. App._Houston [14th Dist.]
2005, pet. filed).  





[4]There
were eight violations listed on page thirteen.