Joseph Leon JENKINS, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–06–00132–CR.

Court of Appeals of Texas,
Waco.

Nov. 7, 2007.

Rehearing Overruled Dec. 11, 2007.

Lane D. Thibodeaux, Law Office of Lane D. Thibodeaux, Bryan, TX, for appellant.

Bill R. Turner, Brazos County Dist. Atty., Bryan, TX, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## DISSENTING OPINION

BILL VANCE, Justice.

Jenkins's third issue complains of the court's denial of his motion to dismiss for failure to provide a speedy trial, in violation of the Sixth and Fourteenth Amendments. *See Barker v. Wingo*, 407 U.S. 514, 515, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972).[1] With little analysis, the majority overrules the issue. Believing that a correct analysis of the *Barker* factors yields a different result, I respectfully dissent.

The right to a speedy trial was designed: (1) to prevent oppressive pretrial incarceration; (2) to minimize anxiety and concern of the defendant; and (3) to limit the possibility that the defense will be im-

paired. *Id.* at 532, 92 S.Ct. at 2193; *Shaw v. State*, 117 S.W.3d 883, 890 (Tex.Crim. App.2003). Of these, "the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Barker*, 407 U.S. at 532, 92 S.Ct. at 2193. If a violation of the speedy trial right is established, the only possible remedy is dismissal of the prosecution. *Dragoo v. State*, 96 S.W.3d 308, 313 (Tex.Crim.App.2003) (citing *Strunk v. United States*, 412 U.S. 434, 440, 93 S.Ct. 2260, 37 L.Ed.2d 56 (1973)).

*Standard of Review*

The *Barker* test has four non-exclusive factors: (1) the length of the delay; (2) the reasons for the delay; (3) the timeliness of the assertion of the right to a speedy trial; and (4) any prejudice caused by the delay. *Id.* A bifurcated standard of review applies: we review legal issues de novo but give deference to the trial court's resolution of factual issues. *Kelly v. State*, 163 S.W.3d 722, 726 (Tex.Crim.App.2005) (citing *Zamorano v. State*, 84 S.W.3d 643, 648 (Tex.Crim.App.2002)). We "must uphold the trial court's ruling if it is supported by the record and is correct under the applicable law." *Shaw*, 117 S.W.3d at 889. Applying these principles, I will examine the *Barker* factors in "a difficult and sensitive balancing process." *See Zamorano*, 84 S.W.3d at 648 (citing *Barker*, 407 U.S. at 533, 92 S.Ct. at 2182).

*Procedural Facts—Chronology*

The offense was alleged to have occurred on January 6, 2005. The following events in the trial court are important in this speedy-trial inquiry.

- Counsel was appointed by a magistrate on January 11, 2005.

---

1. Jenkins also refers to the Texas Constitution and the Code of Criminal Procedure but concedes that Texas courts use the *Barker* test for a speedy trial analysis. TEX. CONST. art. I,

§ 10; TEX.CODE CRIM. PROC. ANN. art. 1.05 (Vernon 2005); *Harris v. State*, 827 S.W.2d 949, 956 (Tex.Crim.App.1992).

- An indictment asserting count one was filed on February 17, 2005.
- A second indictment, which added count two, was filed on April 21, 2005.
- Appointed counsel filed a motion to withdraw on May 6, 2005, which was set for hearing on June 16.
- On June 23, the court appointed new counsel for Jenkins.
- Following that appointment, trial was set for September 19.
- On October 24, a motion requesting a speedy trial was filed.
- On January 12, 2006, a pro se motion to dismiss "for lack of prosecution" was filed.
- The motions were heard and denied on January 27, 2006.
- The case went to trial on March 20, 2006.

*Length of Delay*

The length of delay is "a triggering mechanism" for consideration of the remaining factors. *Id.* at 530, 92 S.Ct. at 2192; *Shaw,* 117 S.W.3d at 889; *Shea v. State,* 167 S.W.3d 98, 102 (Tex.App.-Waco 2005, pet. ref'd). The delay is measured from the date of arrest or the filing of the charging instrument, whichever occurs first, to the date of trial. *Shaw,* 117 S.W.3d at 889. A delay approaching one year is sufficient to trigger the *Barker* review.[2] *Id.* "[T]he delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge." *Whitfield v. State,* 137 S.W.3d 687, 690 (Tex.App.-Waco 2007, no pet.) (quoting *Barker,* 407 U.S. at 531, 92 S.Ct. at 2192).

The delay was over 12 months from Jenkins's arrest on January 7, 2005, to the time of the hearing on the motion to dismiss and over 14 months to the time of trial. Jenkins says this is presumptively prejudicial, the State does not seriously contest that assertion, and the majority agrees. I believe that if the right to a speedy trial has any substance, the remaining factors must be analyzed in light of this presumptive prejudice.

*Reasons for the Delay*

"The State has the burden of justifying the delay." *Shaw,* 117 S.W.3d at 889 n. 3. Different weights are assigned to the various reasons for the delay asserted by the State. *Id.* at 889.

The State first justifies the delay by pointing to Jenkins's inability to get along with his first appointed attorney, as shown by the contents of the motion to withdraw.[3] Jenkins then told the court that he had retained an attorney, but another attorney was later appointed. Second, the State points to the "overcrowded court docket." The case was set for trial in September of 2005. Two capital murder trials were held during October and November, and due to a mistrial, the second case was retried in November and December. Jury selection was attempted in January and February of 2006 for this case, but failed both times; the trial was held in March.

Jenkins acknowledges the capital murder trials but says that there is no record of a setting in this case between September of 2005 and January of 2006. He further points to the 40–day delay in ruling on the motion to withdraw. Finally, he

---

**2.** One case observed that any delay of eight months or longer is presumptively unreasonable and sufficient to trigger review of the remaining factors. *Harris,* 827 S.W.2d at 956 (citing 2 LaFave & Israel, *Criminal Procedure* § 18.2(b) (1984)).

**3.** "Defendant's attitude towards counsel renders an ongoing attorney/client relationship difficult if not impossible."

says that, according to the record, during the six months from appointment of substitute counsel until the motion to dismiss was heard, there were only four criminal jury trial settings in the court. The docket sheet shows no trial or hearing activity in this case from September 2005 to the date of trial.

The State concedes that this factor weighs against the State, but "it does not weigh heavily." "[A] crowded court docket is not a valid reason for delay and must be counted against the State, although not heavily." *Id.* at 890. This factor weighs against the State. The majority agrees.

*Assertion of Right to Speedy Trial*

There is no specific time frame in which the defendant must assert his right to a speedy trial, and the burden of protecting that right does not rest squarely with the defendant. *Whitfield,* 137 S.W.3d at 691 (citing *Zamorano,* 84 S.W.3d at 651). Nevertheless, the defendant does have the responsibility to assert the right. *Id.* (citing *State v. Munoz,* 991 S.W.2d 818, 825 (Tex.Crim.App.1999)). A defendant's not asserting his right does not amount to a waiver of the right but results in making it difficult for the defendant to prove he was denied a speedy trial. *Id.* Because how the defendant asserts this right is closely related to the other three factors, "the defendant's assertion of the right is entitled to strong evidentiary weight in determining whether the defendant is deprived of this right." *Id.* (citing *Zamorano,* 84 S.W.3d at 651).

Jenkins filed his motion seeking a speedy trial on October 24, 2005, after attempts to have his bail amount lowered.[4] He says that any delay in filing should be viewed in the context of attempts at bail reduction and his re-indictment in April of 2005. The State responds that Jenkins never obtained a ruling on the October motion, filed a pro se motion on January 12, 2006, and then filed another motion to dismiss at the final pretrial hearing on January 27, 2006.

The majority says that Jenkins waited for ten months to file the motion. However, the minimum time that any Texas court has held presumptively prejudicial under factor one is eight months—and the weight of authority is closer to one year (see above), so a defendant would be wasting his and the court's time to file earlier.

All three motions were heard at the January hearing and then denied. Jenkins sought a trial before requesting dismissal, and almost two months elapsed between the hearing on the motions and the trial.[5] Although the majority finds that this factor weighs against Jenkins, I believe it is neutral. After considering three factors, the delay remains presumptively prejudicial.

*Prejudice from Delay*

Prejudice is assessed in light of the interests that the speedy trial right was designed to protect: (1) to prevent oppressive pretrial incarcerations, (2) to minimize anxiety and concern of the accused, and (3) to limit the possibility that the defense will be impaired. *Id.* (citing *Meyer v. State,* 27 S.W.3d 644, 650 (Tex.App.-Waco 2000, pet. ref'd)). The most important consideration

4. *See Jenkins v. State,* Nos. 10–05–00147–CR, 10–05–00148–CR, and 10–05–00149–CR, 2006 WL 348716 (Tex.App.-Waco Feb.15, 2006, no pet.) (mem.op.) (not designated for publication).

5. "The defendant's assertion of his speedy trial right, then, is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right. We emphasize that failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial." *Barker,* 407 U.S. at 531–32, 92 S.Ct. at 2192.

is whether the defense was impaired by the delay. *Id.* (citing *Barker,* 407 U.S. at 532, 92 S.Ct. at 2193). With respect to the third interest, affirmative proof of particularized prejudice is not essential to every speedy trial claim, because "excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or, for that matter, identify." *Dragoo,* 96 S.W.3d at 314 (citing *Doggett v. United States,* 505 U.S. 647, 655, 112 S.Ct. 2686, 2692–93, 120 L.Ed.2d 520 (1992)).

The defendant must make a prima facie showing of prejudice. *Whitfield,* 137 S.W.3d at 691. Once that is done, the burden shifts to the State to show that no serious prejudice occurred beyond that from an ordinary, inevitable delay. *Id.*

The analysis of this factor is the crux of my disagreement with the majority. If "excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or, for that matter, identify" and "the burden shifts to the State to show that no serious prejudice occurred beyond that from an ordinary, inevitable delay," then this factor must be weighed in Jenkins's favor.

At the hearing on the motion, Jenkins introduced the death certificate for his mother, who had died on December 23, 2005, while he was incarcerated and awaiting trial. She was, he says, his witness at a possible punishment hearing to prove that he had not been convicted of a felony in Texas or any other state. He said that he suffered "mental strife" in losing his mother while incarcerated. He also points to a letter he wrote to the trial judge in June of 2005 as reflecting his anxiety and concern by specifically referring to his mother's illness and his need to support her and his newborn child and take his mother to doctor's appointments. The letter also relates that he had a job awaiting his release. Thus, he made a prima facie showing of prejudice. *See id.*

Addressing the three interests, the State acknowledges that Jenkins was incarcerated from arrest to trial. That State says that, although the June letter constitutes "some evidence" of anxiety over pending charges, proof of anxiety and concern over the delay is missing. Concerning the third interest, the State says that Jenkins has not shown that his mother's testimony was "exculpatory or otherwise beneficial," and that an aunt testified about his eligibility for probation. The State urges that the prejudice factor weighs heavily against Jenkins.[6]

The State concedes Jenkins was in jail from arrest to trial and that the evidence shows "some anxiety" due to the delay. Did the State show that no serious prejudice occurred beyond that from an ordinary, inevitable delay? I believe that it did not. The defendant—not the State—gets to choose which witnesses to call on his behalf at punishment. Thus, I disagree with the State and the majority. This factor weighs in Jenkins's favor.

*Analysis*

This is a difficult and sensitive balancing process. The first factor, length of the delay, triggers a review of the remaining factors and established presumptive prejudice. The second factor, reasons for the delay, weighs slightly against the State, and the third factor, timeliness of the demand, is neutral. Thus, because under the fourth factor, the most important factor, the burden shifted to the State to show

**6.** An appellate court reviewing a trial court's ruling on a motion to dismiss for want of a speedy trial must do so in light of the arguments, information, and evidence that was available to the trial court at the time it ruled. *Shaw v. State,* 117 S.W.3d 883, 889 (Tex. Crim.App.2003) (citing *Dragoo v. State,* 96 S.W.3d 308, 313 (Tex.Crim.App.2003)).

that no serious prejudice occurred beyond that from ordinary, inevitable delay, I am persuaded that the issue should be sustained. The undisputed facts[7] that Jenkins was incarcerated for over a year awaiting trial without much activity in his case, that he expressed anxiety and concern while awaiting trial, and that his case at punishment was impaired to some degree when his mother died four months before trial, all demonstrate that in the balancing process the fourth factor is sufficient to require a finding of a violation of the right to a speedy trial. Issue three should be sustained.

## CONCLUSION

Issue three is dispositive of the appeal, so I do not address the remaining issues. I would sustain Jenkins's speedy trial issue, reverse the judgment, and remand the cause to the trial court with instructions to dismiss the indictment. Because the majority does otherwise, I respectfully dissent.

7. I acknowledge that "the trial court is permitted to disbelieve evidence so long as there is a reasonable articulable basis for doing so." *Kelly v. State,* 163 S.W.3d 722, 727 (Tex.Crim. App.2005). Here, however, there is no articulable reason to disbelieve that Jenkins was incarcerated at all times prior to trial—the State concedes that, nor that his letter expressed anxiety and concern—the letter speaks for itself, nor that the loss of his mother's testimony impaired his defense, however slight.