02-10-322-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00322-CR

 

 


 
 
 David Lee Elliott, Jr.
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE 
 
 


 

 

----------

 

FROM Criminal
District Court No. 4 OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

          Appellant
David Lee Elliott, Jr. appeals his conviction for sexual assault of a child. 
In two issues, he contends that the evidence is insufficient to support the
conviction and that the trial court erred by allowing a witness’s attorney to
make objections that were unrelated to the witness’s constitutional rights.  We
affirm.

Background Facts

          When
she was sixteen years old, Lauren McElhaney lived with appellant (her
step-father) and Andrea McElhaney (her mother) at a house on Fagan Street in
Blue Mound.  According to Lauren, on September 4 or 5, 2009, because Amanda
Stegall and Jeffrey Humphries were staying in a different room in the house, Lauren
was sleeping in a bed with Andrea and appellant.[2]  Although Lauren went to
sleep wearing shorts and panties, she awoke to find appellant’s tongue touching
her vagina.  Lauren loudly said, “What the f---.”  Appellant quickly went back
to his side of the bed, and Andrea awoke.

          Lauren
told Andrea what had happened, and Andrea became upset and said, “Again, David”
but then “didn’t really do anything.”  Lauren began crying. She did not call
the police, however, because she was scared of appellant.

          According
to Amanda’s testimony, Lauren, who was “shaking and obviously upset,” came into
Amanda and Jeffrey’s room.  Lauren told Amanda that appellant had pulled her
shorts down and licked the inside of her thighs. Minutes later, according to
Amanda, appellant entered the room and said, “I’m sorry, Lauren, I thought you
was [sic] your mother.”

          Amanda
believed that Lauren was afraid of appellant.  She described Lauren and Andrea
as having a friendly relationship rather than a normal mother to daughter
relationship.  She also said that Andrea sided with appellant more than Lauren
but that Andrea and appellant’s relationship was “[r]ocky.

”        According
to Amanda, for a couple of days after the incident occurred between appellant
and Lauren, appellant carried a gun around the house; Amanda believed that
appellant was trying to intimidate Lauren and Andrea.  Amanda eventually moved
out of the house because she “couldn’t handle what was going on.”

          On
September 9, 2009, upon receiving a request to investigate the incident between
Lauren and appellant, Blue Mound Police Department Officer John Funk went to
the Fagan Street house.  He saw Lauren walking her dog and started a
conversation with her.  Lauren was embarrassed, and to Officer Funk, she appeared
sad.  They spoke for about ten minutes, and then appellant came outside and
approached Officer Funk.  Outside of Lauren’s presence, appellant denied
knowing why Officer Funk was there, but Officer Funk told him that they had
received allegations of inappropriate touching.  Officer Funk detained
appellant, and Lauren told Officer Funk that she was concerned that appellant
would hurt her if she said anything.  Eventually, again outside of Lauren’s
presence, Officer Funk also talked to Andrea, who seemed nervous and hesitant.

          Andrea
went inside the house and told Lauren “[t]o not tell,” and when Lauren came
back out, Officer Funk believed that Andrea had coerced Lauren into saying
something different than she had originally said.  After Officer Funk told
Lauren that he needed to hear the truth and informed her about the consequences
(including arrest and jail time) that she could face for making a false police
report, Lauren changed her story back to what she had first told Officer Funk
(that appellant had sexually assaulted her).

          Officer
Funk arrested appellant.  A grand jury indicted appellant for sexual assault of
a child.  Appellant pled not guilty.  The jury found him guilty and assessed
his punishment at fourteen years’ confinement.  He brought this appeal.

Evidentiary
Sufficiency

          In
his first point, appellant argues that the evidence is insufficient to sustain
his conviction.  In our due-process review of the sufficiency of the evidence
to support a conviction, we view all of the evidence in the light most
favorable to the prosecution to determine whether any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt.
 Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Clayton
v. State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).[3]
 This
standard gives full play to the responsibility of the trier of fact to resolve
conflicts in the testimony, to weigh the evidence, and to draw reasonable
inferences from basic facts to ultimate facts. Jackson, 443 U.S. at 319,
99 S.Ct. at 2789; Clayton, 235 S.W.3d at 778.

          The
trier of fact is the sole judge of the weight and credibility of the evidence.  See
Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1979); Brown v. State, 270
S.W.3d 564, 568 (Tex. Crim. App. 2008), cert. denied, 129 S. Ct. 2075 (2009).
 Thus, when performing an evidentiary sufficiency review, we may not
re-evaluate the weight and credibility of the evidence and substitute our
judgment for that of the factfinder.  Williams v. State, 235 S.W.3d 742,
750 (Tex. Crim. App. 2007).  Instead, we determine whether the necessary
inferences are reasonable based upon the combined and cumulative force of all
the evidence when viewed in the light most favorable to the verdict.  Hooper
v. State, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007).  We must presume that
the factfinder resolved any conflicting inferences in favor of the prosecution and
defer to that resolution.  Jackson, 443 U.S. at 326, 99 S. Ct. at 2793; Clayton,
235 S.W.3d at 778.

          To
obtain appellant’s conviction for sexual assault of a child under the facts of
this case, the State was required to prove that Lauren was under seventeen
years old when appellant intentionally or knowingly caused her sexual organ to
contact his mouth.[4]  See Tex. Penal
Code Ann. § 22.011(a)(2)(C), (c)(1) (Vernon Supp. 2010); Thompson v. State,
85 S.W.3d 415, 418 (Tex. App.—Fort Worth 2002), aff’d, 108 S.W.3d 287
(Tex. Crim. App. 2003).  Appellant argues that the State did not meet its
burden of proof because the evidence concerning the sexual assault came from
only Lauren, who vacillated before trial about whether the assault occurred; there
was no physical evidence substantiating Lauren’s testimony; and the State’s
witnesses raised the issue of whether appellant mistook Lauren for Andrea.

          Lauren
testified to each element of the offense, and her testimony alone constitutes
sufficient evidence to support appellant’s conviction.  See, e.g., Halbrook
v. State, 322 S.W.3d 716, 720 (Tex. App.—Texarkana 2010, no pet.); Johnston
v. State, 230 S.W.3d 450, 455 (Tex. App.—Fort Worth 2007, no pet.); West
v. State, 121 S.W.3d 95, 111 (Tex. App.—Fort Worth 2003, pet. ref’d). 
There is no general requirement that the testimony of a minor who is a sexual
assault victim be corroborated by medical or physical evidence.  See Tex.
Code Crim. Proc. Ann. art. 38.07(b)(1) (Vernon 2005); Garcia v. State,
563 S.W.2d 925, 928 (Tex. Crim. App. [Panel Op.] 1978); Hohn v. State,
538 S.W.2d 619, 621 (Tex. Crim. App. 1976); Bargas v. State, 252 S.W.3d
876, 889 (Tex. App.—Houston [14th Dist.] 2008, no pet.).  Furthermore, the jury’s
guilty verdict establishes that despite a potential reduction in Lauren’s credibility
that could have been associated with her drug use, the jury believed her
testimony about the sexual assault and disbelieved any statements she made
before trial indicating that the assault did not occur.  See Lugo v.
State, 299 S.W.3d 445, 453 (Tex. App.—Fort Worth 2009, pet. ref’d) (holding
that a jury was free to believe a witness’s trial testimony over her prior statement
made to the police); Dornbusch v. State, 156 S.W.3d 859, 872 (Tex.
App.—Corpus Christi 2005, pet. ref’d) (“The jury was entitled to believe the
clerk’s in-court testimony instead of her prior testimony.”); Hernandez v.
State, 903 S.W.2d 109, 113 (Tex. App.—Fort Worth 1995, pet. ref’d) (“The
jury, being the judges of the facts and the credibility of the witnesses, could
choose to believe or not believe the witnesses or any portion of their
testimony.”); see also Bowden v. State,
628 S.W.2d 782, 784 (Tex. Crim. App. 1982) (op. on reh’g) (explaining that “[r]econciliation
of conflicts and contradictions in the evidence is within the province of the
jury”).

          Also,
the jury, in its discretion to weigh the evidence, could have rationally
disbelieved appellant’s statement, made just after the sexual assault, that he mistakenly
believed that Lauren was Andrea, because Lauren testified to other instances of
abuse.  See Brown, 270 S.W.3d at 568.  Lauren testified that in
2003, when she was ten years old, appellant came into her bedroom and touched
her vagina.  He told her that he wanted to show her where her “soft spot” was
and that if she “let him do it,” he would leave her alone.  Lauren told Andrea,
and Andrea and Lauren left appellant for two days before returning to live with
him.

          According
to Lauren, Andrea told her to change her story, so in 2007, after Lauren had
told authorities what had happened, she signed a sworn statement minimizing the
incident.[5]  Lauren also said that
appellant promised her a $10,000 car to change her story.  She explained that
she thought Andrea “wouldn’t care about” her if she did not sign the statement.

          The
State also presented evidence about a later incident that occurred between
Lauren and appellant while they were camping.  According to Lauren, during that
incident, appellant tried to touch her “in the front” either above or underneath
her clothing.[6]  Further, Lauren said
that more than once, appellant sat in their house in his boxers with his penis
hanging out.  Lauren also said that she had appellant paint the inside of her
window because she suspected that he once watched her while she was getting
dressed.

          Tarrant
County Sheriff’s Office Detective Mike Coursey said that appellant, while
referring to the camping trip incident, conceded to inappropriately touching
someone and “said it was an accident and immediately apologized.”  Detective
Coursey testified that appellant also admitted to inappropriately touching
Lauren in her bedroom; appellant said that touching was likewise accidental.

          The
jury could have chosen to believe Lauren’s testimony and disbelieve her 2007 retraction
about appellant’s pattern of deviant sexual behavior.  See Lugo,
299 S.W.3d at 453.  Thus, the jury could have rationally rejected the theory
that appellant was excused from the sexual assault because, on an isolated
incident, he mistakenly thought that Lauren was Andrea.

          For
these reasons, viewing the evidence in the light most favorable to the verdict,
we hold that a rational jury could have found that the State proved each
element of appellant’s sexual assault beyond a reasonable doubt.  Jackson,
443 U.S. at 319, 99 S. Ct. at 2789; Clayton, 235 S.W.3d at 778.  We
overrule appellant’s first point.

Allegedly
Improper Objections

          In
his second point, appellant contends that the trial court erred by allowing
Amanda’s personal counsel (rather than the prosecutor) to object to questions
during her testimony that were unrelated to her constitutional rights.[7] 
Amanda was in custody when she testified.  She was facing three petitions to
revoke felony community supervision cases.  Before Amanda’s testimony began, her
counsel stated,

Your Honor, I am Ms. Stegall’s attorney and just would
like to put on the record that I would object and advise her to take the Fifth
in the event that any questions are asked as to any of her pending cases.

          And I don’t know if the Court would prefer that
we do a quick motion in limine as to any of her pending cases or if you would
prefer that I would just object during testimony.  But I would object in
advance, regardless of any questions, regarding her current cases.

The
trial court did not directly express its preference regarding the timing of
Amanda’s counsel’s objections.  Nonetheless, during cross-examination of Amanda
by appellant’s counsel, her counsel objected to several questions regarding her
criminal cases.  Appellant’s trial counsel did not complain about the
appropriateness of these objections at any stage of the trial court’s
proceedings.

          To
preserve a complaint for our review, a party must have presented to the trial
court a timely request, objection, or motion that states the specific grounds
for the desired ruling if they are not apparent from the context of the
request, objection, or motion.  Tex. R. App. P. 33.1(a)(1); Layton v. State,
280 S.W.3d 235, 238–39 (Tex. Crim. App. 2009); Saldano v. State, 70
S.W.3d 873, 887 (Tex. Crim. App. 2002) (“[O]bjections promote the prevention
and correction of errors.”).  Further, the trial court must have ruled on the
request, objection, or motion, either expressly or implicitly, or the
complaining party must have objected to the trial court’s refusal to rule. 
Tex. R. App. P. 33.1(a)(2); Mendez v. State, 138 S.W.3d 334, 341 (Tex.
Crim. App. 2004).  A reviewing court should not address the merits of an issue
that has not been preserved for appeal.  Ford v. State, 305 S.W.3d 530,
532 (Tex. Crim. App. 2009).

          Some
violations of a defendant’s rights may be raised on appeal without an objection
at trial regarding the rights.  Saldano, 70 S.W.3d at 888–89 (explaining
that, for example, jurisdiction over the person and the constitutional prohibition
of ex post facto laws are systemic issues that need not be preserved at trial);
see Mendez, 138 S.W.3d at 342 (“Except for complaints involving systemic
(or absolute) requirements, or rights that are waivable only . . . , all
other complaints, whether constitutional, statutory, or otherwise, are
forfeited by failure to comply with Rule 33.1(a).”) (emphasis added).  But appellant
has not cited authority establishing that he has a systemic or waivable-only right
to question a witness without encountering objections from the witness’s
counsel, and we have not located such authority.

          Appellant
argues that Amanda’s counsel’s objections prevented thorough
cross-examination.  The rights of cross-examination and confrontation are
forfeited, however, by a failure to object at trial.  Eustis
v. State, 191 S.W.3d 879, 885 (Tex. App.—Houston [14th Dist.]
2006, pet. ref’d); Whitfield v. State, 137 S.W.3d 687, 692 (Tex. App.—Waco
2004, no pet.).

          Thus,
we hold that appellant forfeited his right to complain about Amanda’s counsel’s
objections by not seeking to prohibit those objections at trial.  See Tex.
R. App. P. 33.1(a)(1); Layton, 280 S.W.3d at 238–39; Robinson v.
State, 310 S.W.3d 574, 577–78 (Tex. App.—Fort Worth 2010, no pet.).  We
overrule appellant’s second point.

Conclusion

          Having
overruled both of appellant’s points, we affirm the trial court’s judgment.

 

 

PER CURIAM

 

PANEL: 
LIVINGSTON,
C.J.; MCCOY and GABRIEL, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  April 14, 2011









[1]See Tex. R. App. P. 47.4.





[2]Lauren had used drugs with
Andrea and appellant hours before they all slept, and Lauren suspected that
Amanda and Jeffrey had also used drugs that day, although Amanda denied doing
so.  Amanda supplied methamphetamine for Andrea, Lauren, and appellant to use. 
Lauren testified that she had not used marijuana from September 2009 until the
trial in July 2010.





[3]Appellant challenges both
legal and factual sufficiency.  But the court of criminal appeals has overruled
cases that allowed a factual sufficiency review and has held that there is “no
meaningful distinction between the . . . legal-sufficiency standard and the . .
. factual-sufficiency standard.”  Brooks v. State, 323 S.W.3d 893, 902
(Tex. Crim. App. 2010).  Accordingly, we apply the Jackson standard to
appellant’s sufficiency point.





[4]At trial, Lauren confirmed
that she is not married to appellant.  See Tex. Penal Code Ann. §
22.011(e)(1).





          [5]The statement reads in part,

[Appellant] and I would wrestle once a week and I enjoyed
it. . . .  I was dressed in my pajamas and was playfully trying to get away
from him.  As I did so, his hand touched my private area over my clothing.  His
hand was there only an instant.  He apologized and we didn’t horseplay or
wrestle after that.

          . . .  Thinking back on this
I feel I took it too seriously and that it was an accident.  In my opinion
[appellant] never intended this to happen and there was nothing sexual between
us.





[6]Lauren’s 2007 statement
also recited, “[Appellant] did not touch me during the camping incident.”





[7]Appellant does not urge
that the trial court made an incorrect evidentiary ruling connected to one of
the objections.