John Wayne DARTY, Appellant,

v.

The STATE of Texas, Appellee.

No. 334–85.

Court of Criminal Appeals of Texas, En Banc.

May 14, 1986.

Richard S. Podgorski, Denton, for appellant.

Jerry Cobb, Dist. Atty. and Lee Gabriel and Jim E. Crouch, Asst. Dist. Attys., Denton, Robert Huttash, State's Atty., Austin, for State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

WHITE, Judge.

Appellant was charged with aggravated rape of a child in Denton County and pled not guilty before a jury. See V.T.C.A., Penal Code Sec. 21.03(a)(5) (1981).[1] The jury found appellant guilty and assessed punishment at seven years confinement in the Texas Department of Corrections.

On appeal to the Fort Worth Court of Appeals, appellant alleged five grounds of error, including insufficiency of the evidence. The Court of Appeals addressed and overruled grounds one, two, four, and five, but found merit in appellant's third ground of error and reversed the judgment of the trial court. That opinion was not published. *Darty v. State*, 02–83–293–CR, Jan. 9, 1985.

Appellant contended in his third ground of error, and the Court of Appeals so held, that the trial court erred in admitting a letter into evidence, over appellant's objection, that was written by the complaining witness [W.C.L.] to appellant. The objection made was that there was no proper predicate and that the letter, admitted during the testimony of W.C.L.'s mother, Linda Dendy, was inadmissible hearsay as to the witness who was testifying. The trial court never made a ruling on appellant's objection, but the Court of Appeals held that admitting the letter into evidence implicitly overruled appellant's objection, thus preserving error.

The State contends that appellant failed to preserve any error in admitting the let-

ter because appellant did not obtain an adverse ruling to his objection.

We granted the State's petition for discretionary review to determine if the Fort Worth Court of Appeals was correct when they reversed the judgment of the trial court. The issue before us is whether the admission of evidence by the trial court over objection implies that the objection is overruled, and error is preserved, when no precise ruling by the trial court appears in the record. We hold that absent an adverse ruling that appears of record, such an admission of evidence does not preserve error.

A brief recitation of the facts is necessary to our disposition of the case. On April 7, 1983, Linda Dendy, mother of W.C.L., the complaining witness, discovered the letter in W.C.L.'s bedroom drawer. When questioned by her mother and stepfather, W.C.L. confirmed she had had sexual intercourse with appellant. W.C.L. testified that appellant, who had been married to the first cousin of W.C.L.'s step-father, had occasionally fondled her breasts and vagina since approximately March of 1982. In September of 1982, W.C.L., her family, and appellant, moved to Denton, Texas from St. Louis, Missouri. Appellant, who was in the process of obtaining a divorce, moved in with W.C.L. and her family. Appellant spent a lot of time with W.C.L. and her family before and after they moved to Texas.

In the second week of September, 1982, while appellant was living with W.C.L. and her family, W.C.L., then twelve years old, and appellant began having sexual intercourse. W.C.L. testified that they had sex eight or nine times before appellant moved out in November of 1982. The last time appellant and W.C.L. had sexual intercourse was on January 5, 1983. Appellant, who was twenty-seven years old at the time of the trial, freely admitted he was a friend of the family, but vehemently denied

1. Repealed by Acts 1983, 68th Leg., p. 5321, ch. 977, Sec. 12, eff. Sept. 1, 1983. See V.T.C.A., Penal Code Sec. 22.021.

the accusation of advances and sexual intercourse with W.C.L.

The relevant portion of the court reporter's transcription of the statement of facts reads as follows:

"MS. GABRIEL [Prosecuting Attorney]: Your Honor, at this time the State would offer what's been marked as State's Exhibit No. 1. [the letter]

"MR. PODGORSKI [Defense Attorney]: Judge, if I could have some time to read this? I had asked for this on my first discovery motion and was never given it.

(Pause.)

"MR. PODGORSKI: Your Honor, we would object to this, number one, on the basis that it's hearsay to this witness. She has no knowledge who wrote it unless someone told her that someone wrote it. And, number two, there's hearsay attached to it. And I don't believe the proper predicate has been laid for its introduction at this time.

"MS. GABRIEL: Your Honor, I would be happy to remove—I assume you are referring to the evidence tag?

"MR. PODGORSKI: Uh-huh.

"MS. GABRIEL: I will be happy to remove the evidence tag. The predicate was laid through [W.C.L.][2] when she was on the stand.

"THE COURT: Let me see the letter.

All right. Mr. Podgorski, the practice of this court, of course, is when an objection to predicate is made, what specific—

"MR. PODGORSKI: Judge, I don't believe, number one, that this witness can testify to that letter, because if the letter was written by her daughter, her daughter had to tell her that she wrote the letter. Now that's hearsay. The letter, if it was to be introduced, it should have been introduced by [W.C.L.], or when [W.C.L.] was a witness. Also, it's not definite as to when the letter was written. There's no date on it or anything.

"MS. GABRIEL: May I respond, Your Honor?

When [W.C.L.] was on the stand I did have her testify that she was the one that wrote the letter, that she recognized it. I was trying to connect it up for the jury through this witness. I do believe, you know, the proper predicate was laid, and that [W.C.L.] did testify that she wrote the letter, and that she recognized her handwriting, was the way she put it. And she also said that she put it in a drawer. Then Mrs. Dendy has testified that that is where she found the letter. I was just trying to establish and connect it up for the jury in the introduction of this and I do not believe that it's hearsay.

"MR. PODGORSKI: Judge, I don't believe that you can lay a predicate for the introduction of an Exhibit through one witness, and then through another witness have it admitted. That's like a business record, like if the clerk came up here, that that person had the care and control and custody of a business record, and you have them testify as to care, control and custody, then you can't introduce it through another witness as a business record. It's the same way with this.

"MS. GABRIEL: If it would solve the problem, I would be happy to call [W.C.L.] back after Mrs. Dendy, and introduce it through her. But I believe all the necessary questions were asked previously and we would be redundant.

"MR. PODGORSKI: Judge, may we approach the bench, please?

(Whereupon, an off-the-record discussion was had between Court and counsel outside hearing of jury and court reporter; thereafter the following proceedings were had.)

"THE COURT: All right. Anything else?

"MR. PODGORSKI: No, Your Honor, I have nothing else.

"THE COURT: State's Exhibit No. 1 is admitted."

---

**2.** It is common practice to refer to children who are victims of sex crimes by their initials rather than name in published opinions. Consequent-

ly, where W.C.L.'s name appears in the statement of facts, we have substituted her initials.

It is a long-standing rule in this State that absent an adverse ruling of the trial court, which appears in the record, there is no preservation of error. Appellant's attorney should have required the trial judge to make a definite ruling on the record. *Evans v. State,* 622 S.W.2d 866 (Tex.Cr. App.1981); *Stoner v. State,* 585 S.W.2d 750 (Tex.Cr.App.1979); *Hanner v. State,* 572 S.W.2d 702 (Tex.Cr.App.1978), *cert. den.* 440 U.S. 961, 99 S.Ct. 1504, 59 L.Ed.2d 774 (1979); *Mejia v. State,* 505 S.W.2d 532 (Tex.Cr.App.1974); *Torres v. State,* 491 S.W.2d 126 (Tex.Cr.App.1973); *Austin v. State,* 451 S.W.2d 491 (Tex.Cr.App.1970).

The conversation at the bench could have been a discussion of any number of things, including, as the State suggests, a withdrawal of appellant's objection.[3] We decline to speculate on the subject of that conversation. Absent an objection and adverse ruling which appear in the statement of facts, any erroneous admission of evidence is not preserved for review.

Accordingly, we reverse the judgment of the Court of Appeals and affirm the judgment of the trial court.

TOM G. DAVIS, CLINTON and TEAGUE, JJ., dissent.

---

**3.** As noted earlier, the prosecuting attorney stated that she would recall W.C.L. to the witness stand and introduce the letter through her.

This statement was made just before the bench conference.