

NUMBER 13-07-00220-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

CISTO RIOS,                                                                           Appellant,

v.

THE STATE OF TEXAS,                                                               Appellee.

On appeal from the 103rd District Court of Cameron County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Benavides
### Memorandum Opinion by Justice Garza

Appellant, Cisto Rios, was convicted of possession of more than four grams but less than 200 grams of cocaine, and was sentenced to seven years' imprisonment. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(d) (Vernon 2003). Rios now appeals, contending that (1) he was the victim of an unlawful search and seizure, and (2) his trial counsel was ineffective for not raising his motion to suppress. We modify the trial court's judgment and affirm the judgment as modified.

### I. BACKGROUND

On July 6, 2006, Cameron County Sheriff's Deputy Osvaldo Garcia and Investigator Alvaro Guerra were investigating a burglary of a habitation call in which the suspect's

vehicle was described as a gray four-door passenger vehicle. Deputy Garcia and Investigator Guerra observed a gray four-door Dodge Neon with tinted windows driving at a high rate of speed. Deputy Garcia pulled the Neon over at the 2500 block of Rancho Viejo in Cameron Park and then made contact with the driver, Rios. Rios stated that he had no driver's license but instead produced identification in the form of a Social Security Card. When Deputy Garcia walked back to his patrol unit to run a driver's license check on Rios, Investigator Guerra, who had previously arrived in his own vehicle, approached the Neon.

Investigator Guerra observed on the front passenger seat of the Neon what he believed to be a small marihuana cigarette that had been chewed up and spit out. At that point, Investigator Guerra asked Rios to step out of the vehicle, and advised Rios that he was not under arrest, but that for his safety and the officers' safety, he should sit inside the patrol unit. Before placing Rios in the patrol unit, Investigator Guerra conducted a pat down of Rios and noticed a bulge in Rios's right rear pocket—Guerra discovered that this bulge was a clear plastic bag containing a green leafy substance which later would test positive as marihuana. According to the Criminal Case Report listed as State's exhibit number two in the clerk's record, Rios admitted at that time that he owned the marihuana found on his person.

At that point, Deputy Angel Perez arrived at the scene and assisted the officers by conducting an inventory of Rios's vehicle. Deputy Perez discovered another clear plastic bag tucked in between the driver's seat and the center console. This bag contained 3.5 grams of a substance that was later confirmed to be cocaine. Deputy Perez also found, in another location in the car, a second clear plastic bag containing twelve smaller clear plastic bags also containing cocaine. In all, 6.29 grams of cocaine and 8.65 grams of marihuana were seized.

On October 18, 2006, a Cameron County grand jury indicted Rios for the offense of possession with intent to deliver more than four grams but less than 200 grams of a controlled substance, a first-degree felony. *See id.* § 481.112(d) (Vernon 2003). On

2

January 26, 2007, the trial court held a plea hearing at which Rios pleaded guilty to an amended indictment. The amended indictment struck the words "with intent to deliver," rendering the charged offense a second-degree felony. *See id.* § 481.115(d). Rios's guilty plea was based on a plea agreement in which the State offered five years' imprisonment and waiver of Rios's pre-sentence investigation.

At the plea hearing, the trial court inquired as to Rios's criminal history. Rios explained that he previously served five years and ten months of a seven-year sentence for aggravated assault, and that he was released in 2004. Upon hearing this information, the trial court announced that it was not accepting the plea agreement, but instead was assessing punishment at seven years in the Texas Department of Criminal Justice–Institutional Division. After being advised of this sentence and of his option to withdraw his guilty plea, Rios chose to maintain the guilty plea. The trial court rendered its judgment of conviction on February 22, 2007 stating that Rios was convicted of a "1st degree felony."[1] This appeal ensued.[2]

## II. Discussion

### A. Search and Seizure

Rios alleges that he was arrested without probable cause and that the search and seizure at the time of his arrest were made without probable cause, and were therefore in violation of the United States Constitution, the Texas Constitution, and the code of criminal procedure. *See* U.S. CONST. amend. IV, V, XIV; TEX. CONST. art. I, §§ 9, 10, 19; TEX. CODE CRIM. PROC. ANN. art. 38.23 (Vernon 2005). Rios previously made these allegations in a "Motion to Suppress Illegally Seized Evidence" filed on November 13, 2006; however, this motion was not presented to the trial court and the trial court did not rule upon it. Still, Rios

---

[1] Neither party disputes the fact that this was an error, and that the judgment of conviction should read that Rios was convicted of a second-degree felony. This error is discussed more fully herein.

[2] The State does not dispute that Rios has the right to appeal the judgment of the trial court because the trial court did not accept the plea agreement executed by Rios and the State. *See* TEX. R. APP. P. 25.2(b).

contends that the motion remains "open" and, as such, this Court should have jurisdiction to consider it on appeal.

Texas Rule of Appellate Procedure 33.1(a) provides that, as a prerequisite to presenting a complaint for appellate review, the record must show that a comprehensive complaint was made to the trial court in accordance with rules of procedure and that the trial court either: (A) explicitly or implicitly ruled on the complaint; or (B) refused to rule on the complaint and the complaining party objected to the refusal. TEX. R. APP. P. 33.1(a)(2). Rios contends that the trial court "implicitly denied" his motion to suppress by sentencing him without addressing the motion. We disagree.

It is a long-standing rule that absent an adverse ruling of the trial court which appears in the record, there is no preservation of error. *Ramirez v. State*, 815 S.W.2d 636, 643 (Tex. Crim. App. 1991); *Darty v. State*, 709 S.W.2d 652, 655 (Tex. Crim. App. 1986). Although some courts have found an implicit denial when a trial court fails to formally rule on a motion to suppress, these courts relied upon an explicit indication in the record that the motion had been disposed of. *See Castro v. State*, 202 S.W.3d 348, 352 (Tex. App.–Fort Worth 2006, pet. granted) (finding an implicit denial of motion to suppress where trial court stated "I'm relatively sure that you're going to appeal the Court's ruling on the Motion to Suppress, so for purposes of the record, you do have the Court's consent to appeal that decision"); *see also Kercho v. State*, No. 14-01-01176-CR, 2007 Tex. App. LEXIS 4369, at *20-22 (Tex. App.–Houston [14th Dist.] May 31, 2007, no pet.) (mem. op., not designated for publication) (finding an implicit denial of supplemental motion to suppress where trial court stated "I'm not going to rule on your Supplemental Motion to Suppress, I feel those are questions for the jury and not for the court. Those go to the weight and not admissibility, it's [for] the jury to decide those issues."); *Yanez v. State*, 187 S.W.3d 724, 731 (Tex. App.–Corpus Christi 2006, pet. ref'd) (finding implicit denial of motion to suppress when court declined to grant pre-trial hearing on motion). Here, the record contains no reference by the trial court to Rios's motion to suppress. Additionally, Rios did not request that the trial court hear his motion to suppress at the January 26, 2007

4

plea hearing.  Instead, after the trial court announced the rejection of the plea agreement, Rios consulted with his trial counsel and agreed to plead guilty anyway.  Rios did not pursue his motion to suppress to an adverse ruling.

Because the record does not show that the trial court explicitly or implicitly ruled on Rios's motion to suppress, or that the trial court refused to rule on the motion and Rios objected to that refusal, we conclude that the issues raised in the motion have not been preserved for appeal.  *See* TEX. R. APP. P. 33.1(a).  Rios's first issue is overruled.

## B.      Ineffective Assistance of Counsel

By his second issue, Rios contends that the failure of his trial counsel to reassert his motion to suppress after the trial court rejected his plea agreement amounts to ineffective assistance of counsel.

To establish a claim for ineffective assistance of counsel, Rios must show (1) his attorney's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for his attorney's errors, the result of the proceeding would have been different.  *Strickland v. Washington*, 466 U.S. 668, 684 (1984); *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986); *Jaynes v. State*, 216 S.W.3d 839, 851 (Tex. App.–Corpus Christi 2006, no pet.).  Whether this test has been met is to be judged on appeal by the totality of the representation, not by any isolated acts or omissions.  *Jaynes*, 216 S.W.3d at 851.  The burden is on the appellant to prove ineffective assistance of counsel by a preponderance of the evidence.  *Id.*  Our review of counsel's representation is highly deferential, and we will find ineffective assistance only if the appellant overcomes the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance.  *See Strickland*, 466 U.S. at 689; *Jaynes*, 216 S.W.3d at 851.  The acts or omissions that form the basis of appellant's claim of ineffective assistance must be evidenced by the record.  *See Thompson v. State*, 9 S.W.2d 808, 814 (Tex. Crim. App. 1999); *Jaynes*, 216 S.W.3d at 851.  In most cases, a silent record which provides no explanation for counsel's actions will not overcome the

5

strong presumption of reasonable assistance. *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001); *Thompson*, 9 S.W.3d at 813-14.

Rios claims that his trial counsel should have requested a hearing on his motion to suppress because he was the victim of an unreasonable investigatory stop. *See generally Hoag v. State*, 728 S.W.2d 375, 380 (Tex. Crim. App. 1987) (stating that "a police officer may briefly stop a suspicious individual in order to determine his identity or to maintain the status quo momentarily while obtaining more information," but that in such a case "the officer must have specific articulable facts which, in light of his experience and personal knowledge, together with inferences from those facts, would reasonably warrant the intrusion on the freedom of the citizen stopped for further investigation."). Specifically, Rios asserts that the police officers pulled his car over simply because it was gray—the same color as the car being driven by the suspect in the burglary case being investigated by the officers—and that the stop was therefore unreasonable.[3]

Without determining whether the investigative stop was reasonable, we note that it was far from certain that a potential hearing on Rios's motion to suppress would have resulted in the suppression of any evidence. Therefore, it was not unreasonable for Rios to plead guilty to the amended indictment knowing that he would receive a sentence of seven years imprisonment, which is far more lenient than that permitted by law. *See* TEX. PENAL CODE ANN. § 12.33(a) (Vernon 2003) (stating that the maximum term of imprisonment for a second-degree felony conviction is twenty years). We find nothing in the record suggesting that pleading guilty, without requesting a suppression hearing, was anything other than a reasonable trial strategy.

Moreover, an essential requisite to successfully attacking a guilty plea on ineffective assistance grounds is that the appellant must show that the alleged deficiencies caused his plea to be unknowing and involuntary. *Rodriguez v. State*, 899 S.W.2d 658, 666 (Tex.

---

[3] We note that the record reflects that the burglary suspect's car was a four-door gray passenger vehicle, and so was Rios's car. Further, Rios was only asked to sit in the officers' vehicle when Investigator Guerra saw what he believed to be a chewed-up marihuana cigarette on the car's front passenger seat.

Crim. App. 1995). Here, Rios does not argue that the alleged deficiencies of his trial counsel's representation caused his plea to be unknowing and involuntary. We therefore conclude that Rios has not shown that his trial counsel provided ineffective assistance. We overrule Rios's second issue.

### III. REFORMATION OF JUDGMENT

We note that both parties to this appeal have filed notices to this Court of the necessity to reform the trial court's judgment of conviction. As stated above, the trial court's judgment of conviction stated that the offense for which Rios was convicted was a "1st degree felony." It is undisputed, however, that this was erroneous. Although Rios was originally indicted for a first-degree felony (possession with intent to deliver more than four grams but less than 200 grams of a controlled substance), the indictment was eventually amended and Rios was convicted of only a second-degree felony (possession of more than four grams but less than 200 grams of a controlled substance). *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.112(d) (providing that the offense of possession with intent to deliver more than four grams but less than 200 grams of cocaine is a first-degree felony), 481.115(d) (providing that the offense of possession of more than four grams but less than 200 grams of cocaine is a second-degree felony). We therefore modify the judgment of conviction to reflect that Rios was convicted of a second-degree felony, not a first-degree felony.

### IV. CONCLUSION

We modify the judgment of the trial court and, having overruled Rios's two issues on appeal, we affirm the judgment as modified.

DORI CONTRERAS GARZA,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).
Memorandum Opinion delivered and
filed this the 22nd day of May, 2008.

7