COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-08-213-CR

 

 

RAMON HERNANDEZ                                                           APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM THE 89TH
DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

                                            Introduction








Appellant Ramon Hernandez appeals his two
sentences of ten years= confinement, plus two $10,000
fines, imposed by a jury following his guilty pleas and convictions for two
counts of deadly conduct.  In his sole
point, appellant contends that the trial court erred when it refused to admit
appellant=s voluntary videotaped
confession to six extraneous offenses into evidence at punishment.  Because appellant failed to preserve his sole
complaint, we affirm.

                                        Background
Facts

On August 10, 2007, appellant and two companions
drove toCand shot
a .40 caliber pistol and a shotgun atCtwo
residences in Wichita Falls, Texas.  In
October 2007, the State indicted appellant on two counts of deadly
conduct.  Six months after the offense,
in February 2008, appellant, while in jail awaiting trial, contacted the FBI
without the advice or supervision of counsel. 
In a videotaped discussion with Special Agent Charles Jones, appellant
confessed to his involvement in the drive-by shootings on August 10, 2007, and
six other drive-by shootings in November 2006. 
Agent Jones did not promise any leniency in return for appellant=s
cooperation.  Following the discussion
with Agent Jones, the State indicted appellant on six new counts of deadly
conduct.

In a hearing outside the jury=s
presence, appellant argued that he should be able to question Agent Jones about
the circumstances surrounding his confession. 
At that time, appellant=s
counsel specifically stated that they had no plans to introduce the videotaped
statement; instead, they were more interested in mitigating punishment by
showing that appellant had attempted to take responsibility for his
actions.  The State objected on the
ground that the statement was self-serving hearsay.  Appellant=s
counsel responded as follows:








As to offering the statement of the proof of the evidence, we=re not wanting to go into
that.  We just merely want to have him
admit to the fact that he was contacted by [appellant] absent counsel, did in
fact voluntarily go to him and did in fact talk to him regarding these issues
and confess to these crimes right here.

 

. . . .

 

So all we would ask is that we be allowed to ask the FBI agent whether
or not there was a meeting between the two and whether or not he did
voluntarily come in, whether or not he did make a confession to him.

 

The trial court sustained the State=s
objection.








Immediately thereafter, the trial court heard
argument on the State=s Motion of Notice of Intent to
Introduce Extraneous Offenses.  Appellant
argued that if the State intended to introduce evidence of the extraneous
drive-by shootings, then that Awould
open up the door to the confession.@  In the context of arguing whether the
State would introduce evidence related to the extraneous offenses, appellant
again contended that he should be allowed to question the FBI agent and, in
addition, Ahave the confession brought in.@  However, the trial court never ruled on the
matter, instead, stating, AI can=t answer
that now. . . .  It=s [the
agent=s]
testimony that we are going to have to hear and enter into or I can=t really
make anything other than some kind of an advisory ruling.@  The State then asked the trial court to grant
an oral motion in limine that if the defense called Agent Jones, counsel would
approach the bench, and the trial court would hold a hearing outside the jury=s
presence before the trial court made its ruling.  The trial court granted the motion, and
appellant did not object. 

Instead of calling Agent Jones, however,
appellant waived his Fifth Amendment privilege against self-incrimination and
testified about the confession; the State cross-examined him about the six
unadjudicated charges of deadly conduct, which appellant admitted being
involved with.

The jury assessed appellant=s
punishment at ten years= confinement, plus a $10,000
fine, on each of the two counts of deadly conduct; the trial court sentenced
appellant accordingly and ordered the sentences to be served concurrently.

                                    Complaint
Not Preserved

In his sole point, appellant asserts that his
sentences should be reversed because the trial court abused its discretion by
refusing to admit the videotaped confession. 
However, appellant failed to preserve this complaint for review.

Standard of Review








To preserve a complaint for our review, a party
must have presented to the trial court a timely request, objection, or motion
that states the specific grounds for the desired ruling if they are not
apparent from the context of the request, objection, or motion.  Tex. R. App. P. 33.1(a)(1); Mosley v.
State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh=g), cert.
denied, 526 U.S. 1070 (1999). 
Further, the trial court must have ruled on the request, objection, or
motion, either expressly or implicitly, or the complaining party must have
objected to the trial court=s
refusal to rule.  Tex. R. App. P.
33.1(a)(2); Mendez v. State, 138 S.W.3d 334, 341 (Tex. Crim. App.
2004).  Preservation of error is a
systemic requirement that this court should review on its own motion.  Archie v. State, 221 S.W.3d 695, 698
(Tex. Crim. App. 2007); Jones v. State, 942 S.W.2d 1, 2 n.1 (Tex. Crim.
App. 1997).

Analysis








Appellant initially contended in the trial court
that he was not interested in admitting the confession itself; instead, he
wanted to question Agent Jones about the circumstances surrounding appellant=s
voluntary confession.  But this is not
appellant=s complaint on appeal.  To be preserved, a complaint on appeal must
comport with the complaint made in the trial court or it is forfeited.  Heidelberg v. State, 144 S.W.3d 535,
537 (Tex. Crim. App. 2004); Bell v. State, 938 S.W.2d 35, 54 (Tex. Crim.
App. 1996), cert. denied, 522 U.S. 827 (1997); Rezac v. State,
782 S.W.2d 869, 870 (Tex. Crim. App. 1990). 
The only time appellant appeared to ask the trial court to admit the
confession itself was when he was objecting to the State=s
offering evidence of the other six drive-bys; he stated that if the State was
going to introduce such evidence, he should then be allowed to Ahave the
confession brought in.@ 
But appellant never obtained a ruling; thus, the complaint was not
preserved for appellate review.  See
Tex. R. App. P. 33.1(a)(2); Tex. R. Evid. 103(a); Gutierrez v. State, 36
S.W.3d 509, 510B11 (Tex. Crim. App. 2001); Darty
v. State, 709 S.W.2d 652, 655 (Tex. Crim. App. 1986).  We overrule appellant=s sole
point.

                                             Conclusion

Having determined that appellant=s sole
point was not preserved, we affirm the trial court=s
judgment.

 

TERRIE
LIVINGSTON

JUSTICE

 

PANEL: LIVINGSTON,
DAUPHINOT, and GARDNER, JJ.

 

DAUPHINOT, J. concurs
without opinion.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: July 23, 2009











[1]See Tex. R. App. P. 47.4.