# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH


## NO. 2-08-213-CR

RAMON HERNANDEZ          APPELLANT

V.

THE STATE OF TEXAS          STATE

------------

## FROM THE 89TH DISTRICT COURT OF WICHITA COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### Introduction

Appellant Ramon Hernandez appeals his two sentences of ten years' confinement, plus two $10,000 fines, imposed by a jury following his guilty pleas and convictions for two counts of deadly conduct. In his sole point, appellant contends that the trial court erred when it refused to admit appellant's

---

[1] *See* Tex. R. App. P. 47.4.

voluntary videotaped confession to six extraneous offenses into evidence at punishment. Because appellant failed to preserve his sole complaint, we affirm.

**Background Facts**

On August 10, 2007, appellant and two companions drove to—and shot a .40 caliber pistol and a shotgun at—two residences in Wichita Falls, Texas. In October 2007, the State indicted appellant on two counts of deadly conduct. Six months after the offense, in February 2008, appellant, while in jail awaiting trial, contacted the FBI without the advice or supervision of counsel. In a videotaped discussion with Special Agent Charles Jones, appellant confessed to his involvement in the drive-by shootings on August 10, 2007, and six other drive-by shootings in November 2006. Agent Jones did not promise any leniency in return for appellant's cooperation. Following the discussion with Agent Jones, the State indicted appellant on six new counts of deadly conduct.

In a hearing outside the jury's presence, appellant argued that he should be able to question Agent Jones about the circumstances surrounding his confession. At that time, appellant's counsel specifically stated that they had no plans to introduce the videotaped statement; instead, they were more interested in mitigating punishment by showing that appellant had attempted to take responsibility for his actions. The State objected on the ground that the statement was self-serving hearsay. Appellant's counsel responded as follows:

2

As to offering the statement of the proof of the evidence, we're not wanting to go into that. We just merely want to have him admit to the fact that he was contacted by [appellant] absent counsel, did in fact voluntarily go to him and did in fact talk to him regarding these issues and confess to these crimes right here.

. . . .

So all we would ask is that we be allowed to ask the FBI agent whether or not there was a meeting between the two and whether or not he did voluntarily come in, whether or not he did make a confession to him.

The trial court sustained the State's objection.

Immediately thereafter, the trial court heard argument on the State's Motion of Notice of Intent to Introduce Extraneous Offenses. Appellant argued that if the State intended to introduce evidence of the extraneous drive-by shootings, then that "would open up the door to the confession." In the context of arguing whether the State would introduce evidence related to the extraneous offenses, appellant again contended that he should be allowed to question the FBI agent and, in addition, "have the confession brought in." However, the trial court never ruled on the matter, instead, stating, "I can't answer that now. . . . It's [the agent's] testimony that we are going to have to hear and enter into or I can't really make anything other than some kind of an advisory ruling." The State then asked the trial court to grant an oral motion in limine that if the defense called Agent Jones, counsel would approach the

3

bench, and the trial court would hold a hearing outside the jury's presence before the trial court made its ruling. The trial court granted the motion, and appellant did not object.

Instead of calling Agent Jones, however, appellant waived his Fifth Amendment privilege against self-incrimination and testified about the confession; the State cross-examined him about the six unadjudicated charges of deadly conduct, which appellant admitted being involved with.

The jury assessed appellant's punishment at ten years' confinement, plus a $10,000 fine, on each of the two counts of deadly conduct; the trial court sentenced appellant accordingly and ordered the sentences to be served concurrently.

## Complaint Not Preserved

In his sole point, appellant asserts that his sentences should be reversed because the trial court abused its discretion by refusing to admit the videotaped confession. However, appellant failed to preserve this complaint for review.

### Standard of Review

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); *Mosley v. State*, 983

4

S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh'g), *cert. denied,* 526 U.S. 1070 (1999). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004). Preservation of error is a systemic requirement that this court should review on its own motion. *Archie v. State,* 221 S.W.3d 695, 698 (Tex. Crim. App. 2007); *Jones v. State,* 942 S.W.2d 1, 2 n.1 (Tex. Crim. App. 1997).

**Analysis**

Appellant initially contended in the trial court that he was not interested in admitting the confession itself; instead, he wanted to question Agent Jones about the circumstances surrounding appellant's voluntary confession. But this is not appellant's complaint on appeal. To be preserved, a complaint on appeal must comport with the complaint made in the trial court or it is forfeited. *Heidelberg v. State*, 144 S.W.3d 535, 537 (Tex. Crim. App. 2004); *Bell v. State*, 938 S.W.2d 35, 54 (Tex. Crim. App. 1996), *cert. denied*, 522 U.S. 827 (1997); *Rezac v. State*, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990). The only time appellant appeared to ask the trial court to admit the confession itself was when he was objecting to the State's offering evidence of the other six drive-bys; he stated that if the State was going to introduce such evidence, he

5

should then be allowed to "have the confession brought in." But appellant never obtained a ruling; thus, the complaint was not preserved for appellate review. *See* Tex. R. App. P. 33.1(a)(2); Tex. R. Evid. 103(a); *Gutierrez v. State*, 36 S.W.3d 509, 510–11 (Tex. Crim. App. 2001); *Darty v. State*, 709 S.W.2d 652, 655 (Tex. Crim. App. 1986). We overrule appellant's sole point.

**Conclusion**

Having determined that appellant's sole point was not preserved, we affirm the trial court's judgment.

                                        TERRIE LIVINGSTON
                                        JUSTICE

PANEL: LIVINGSTON, DAUPHINOT, and GARDNER, JJ.

DAUPHINOT, J. concurs without opinion.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: July 23, 2009