

# IN THE
# TENTH COURT OF APPEALS

### No. 10-08-00049-CR

**MELANIE DENISE MCFATRIDGE,**

                                                            **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                            **Appellee**

From the County Court
Navarro County, Texas
Trial Court No. 58988

## MEMORANDUM  OPINION

Melanie Denise McFatridge was found guilty by a jury of the offense of driving while intoxicated.  TEX. PENAL CODE ANN. § 49.04 (West 2003).  The trial court sentenced her to 180 days in jail with a fine of $1,250.  The sentence was suspended and McFatridge was placed on community supervision for 24 months.  We affirm the trial court's judgment.

### BACKGROUND

McFatridge was driving her van at night when she drove across the yard of one residence, striking and damaging a brick light fixture in the yard.  She then continued

across a part of another yard, coming to a stop when she crashed the van through the exterior wall of the home of Wallace Watson. A gas meter was also sheared off at Watson's home during the incident. Watson came out of his house and saw McFatridge in the driver's seat of the van. He knocked on her window because the van's engine was still "roaring" and he thought his house would catch on fire. McFatridge opened the door and got out of the van. When Watson told her the police were on their way and asked if she had insurance, McFatridge got back in the van and "roared" the engine again as if she was trying to leave.

When the police arrived, they found McFatridge in the driver's seat of the van. There were no passengers. Officers Tidwell and Carpenter started gathering information from McFatridge. She stated that she was okay, but she appeared to the officers to be disoriented. When she was asked for her driver's license, she thumbed past it twice, and Tidwell had to point it out to her. The officers had McFatridge get out of the van because of the gas leak and move to the street where they continued their investigation. There, the officers noticed a strong odor of an alcoholic beverage coming from her breath. Tidwell noticed that her speech was slightly slurred. Carpenter noticed that McFatridge was slow to respond to Carpenter's questions, her speech was slurred, and her eyes were "real glossy." When asked if she had been drinking, McFatridge replied at first that she had had a drink at a friend's house. Later, she stated to Tidwell that she had been removing stain from furniture and that the remover had absorbed into her skin making her act intoxicated. Tidwell did not see any furniture

stripping chemicals in the van, but other officers found an open vodka bottle in the van which still contained some vodka.

McFatridge was asked to perform field sobriety tests. Carpenter attempted to conduct the Horizontal Gaze Nystagmus test but did not score the test and did not count it against McFatridge because of the conditions at the scene. While performing the walk-and-turn test, McFatridge did not count as required, stepped off the line, could not walk heel to toe, and used her arms for balance. While performing the one-leg-stand test, McFatridge put her arms out and could not keep her balance. She also dropped her foot. After performing those two tests, and based on the totality of the circumstances, the officers determined McFatridge was intoxicated. She was arrested and read her *Miranda* rights. McFatridge also refused to take a breathalyzer exam. At the jail, McFatridge performed the two sobriety tests again and was better at completing them, but she was also "giggly."

## CONFRONTATION CLAUSE

McFatridge first contends that the trial court erred by allowing Officer Tidwell to testify about the vodka bottle located in McFatridge's van when Tidwell was not the officer who inventoried the van. Specifically, McFatridge contends that Tidwell's testimony violated the Confrontation Clauses to the United States and Texas Constitutions. McFatridge's issue, however, is not preserved. At trial, McFatridge made a hearsay objection to a question by the State to Tidwell regarding when the

vodka bottle had been found in McFatridge's van.[1]  An objection on hearsay does not preserve error on Confrontation Clause grounds.[2]  *Reyna v. State*, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005); *Paredes v. State*, 129 S.W.3d 530, 535 (Tex. Crim. App. 2004).

McFatridge's first issue is overruled.

## INEFFECTIVE ASSISTANCE OF COUNSEL

By her second issue, McFatridge complains that her counsel was ineffective because he did not object as hearsay to Officer Ronni Carpenter's testimony about seeing the vodka bottle in McFatridge's van which denied McFatridge her right of confrontation.  To present an issue for review, a brief must contain appropriate citations to authorities.  TEX. R. APP. P. 38.1(i).  McFatridge cites to no legal authorizes regarding ineffective assistance of counsel.  Accordingly, this issue is inadequately briefed and presents nothing for review.  *Id*.  Further, as noted in our disposition of the previous issue, a hearsay objection would not have preserved the Confrontation Clause argument McFatridge sought to raise on appeal.  *See Reyna v. State*, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005); *Paredes v. State*, 129 S.W.3d 530, 535 (Tex. Crim. App. 2004).

Her second issue is overruled.

## INSUFFICIENT EVIDENCE

McFatridge next contends the evidence is insufficient to prove beyond a reasonable doubt that she was intoxicated.  The *Jackson v. Virginia* standard is the only

[1] Tidwell did not ultimately answer the question.

[2] Further, any complaint is not preserved because the hearsay objection was sustained and McFatridge did not pursue the matter to an adverse ruling.  *Ramirez v. State*, 815 S.W.2d 636, 643 (Tex. Crim. App. 1991); *Darty v. State*, 709 S.W.2d 652 (Tex. Crim. App. 1986).

standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *see Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). Under the *Jackson* standard, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319 (emphasis in original). After reviewing the record under the appropriate standard, we find the evidence sufficient to support the jury's verdict.

McFatridge's third issue is overruled.

### EXPERT TESTIMONY

In her fourth issue, McFatridge argues that the trial court erred in allowing Officer Tidwell to testify as an expert without the proper "20 day" notice prior to trial when the trial court did not allow her own expert to testify due to a violation of the same notice provision.[3] McFatridge argued at trial and now argues on appeal that article 39.14(b) of the Texas Code of Criminal Procedure requires the prosecution, as well as the defense, to disclose any expert witnesses not later than the 20th day before the date the trial begins and that by allowing Tidwell to testify, the trial court erred.

Article 39.14(b) provides:

(b) *On motion of a party and on notice to the other parties*, the court in which an action is pending *may order one or more of the other parties* to disclose to

---

[3] McFatridge appears to only complain about the trial court allowing the officer to testify in an expert capacity for the State, not about the trial court failing to allow her expert to testify.

the party making the motion the name and address of each person the other party may use at trial to present evidence under Rules 702, 703, and 705, Texas Rules of Evidence. The court shall specify in the order the time and manner in which the other party must make the disclosure to the moving party, but in specifying the time in which the other party shall make disclosure the court shall require the other party to make the disclosure not later than the 20th day before the date the trial begins.

TEX. CODE CRIM. PROC. ANN. art. 39.14(b) (West Supp. 2010) (emphasis added). Article 39.14(b), however, is not "self-executing." *Harris v. State*, 287 S.W.3d 785, 792 (Tex. App.—Houston [1st Dist.] 2009, no pet.). Rather, article 39.14(b) allows a trial court to order the State to list its expert witnesses upon request. *Id.* Even with a request, there must be an order before the State is required to timely disclose its expert witnesses. *See id.*; *Tamez v. State*, 205 S.W.3d 32, 39-40 (Tex. App.—Tyler 2006, no pet.).

The State filed a motion requesting that McFatridge disclose her expert witnesses, and the trial court granted that motion. Although McFatridge filed a motion requesting that the State disclose its expert witnesses, no order was signed requiring the disclosure. Therefore, because there was no order granting the motion requesting disclosure by the State of its expert witnesses, the trial court did not err in allowing Tidwell to testify.

McFatridge's fourth issue is overruled.

### WRITING USED TO REFRESH MEMORY

McFatridge asserts in her fifth issue that the trial court erred in failing to admit a writing that McFatridge contends was used by Officer Tidwell to refresh his memory while testifying. While on cross-examination, McFatridge asked Tidwell if he prepared a report for this case. He replied that he did not. Tidwell was asked what he had in his

hand. Tidwell replied that it was a report but not his report. He then handed the document to McFatridge. McFatridge discovered a little later that Tidwell also handed in a list of 48 questions, without answers, prepared by the State. When McFatridge began questioning Tidwell about the list, the State objected that the list was its work product. McFatridge countered that the work product privilege was waived and that because Tidwell carried it to the stand, McFatridge was entitled to ask Tidwell anything about it. McFatridge also contended she was entitled to have the list in front of the jury so that the jury could determine Tidwell's credibility. McFatridge claimed her intent was strictly for impeachment purposes.

The trial court ultimately sustained the State's objection and McFatridge questioned Tidwell about the list for the purpose of a bill of review. Tidwell testified that he did not go over the questions with the State prior to testifying. He also stated that he probably glanced at the first seven or eight questions. Tidwell also testified that he talked with the State's prosecutors for about a minute the morning of the trial and that the State never suggested any answers to the list of questions. The trial court then ruled that the list could not either be admitted or go before the jury.

On appeal, McFatridge argues that, pursuant to former Rule 611 of the Texas Rules of Criminal Evidence, the trial court should have allowed her to introduce the list of questions into evidence. Rule 611 of the Texas Rules of Criminal Evidence was the predecessor to the current Rule 612, Writing Used to Refresh Memory, of the Texas Rules of Evidence. Rule 612 provides that if a witness uses a writing to refresh his memory for the purpose of testifying either while testifying or, in a criminal case, before

testifying, an adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness on it, and to introduce in evidence those portions which relate to the testimony of the witness.  TEX. R. EVID. 612.

McFatridge is only entitled to the list if it was actually used by Tidwell to refresh his memory.  *See id.*; *Pondexter v. State*, 942 S.W.2d 577, 582 (Tex. Crim. App. 1996) (interpreting previous rule, Rule 611).  No one asked Tidwell if he used the list of questions in order to refresh his memory.  Since there is no evidence from the record to establish that Tidwell did in fact use the list to refresh his memory during or before his testimony, the trial court did not err in refusing to admit the list.  *See Thomas v. State*, ___ S.W.3d ___, 2010 Tex. App. LEXIS 9558, *17 (Tex. App.—Houston [1st Dist.] Nov. 30, 2010, no pet.); *Love v. State*, No. 01-08-00941-CR, 2009 Tex. App. LEXIS 8952, *19-20 (Tex. App.—Houston [1st Dist.] Nov. 19, 2009, no pet.) (mem. op.) (not designated for publication).

McFatridge's fifth issue is overruled.

### MISTRIAL

In her sixth issue, McFatridge argues that the trial court abused its discretion in overruling her motion for mistrial.  On direct examination, the State asked Officer Carpenter how McFatridge was behaving at the jail.  Carpenter answered that McFatridge was "giggley [sic]."  The following exchange then took place.

Q:     What do you mean giggley [sic]?

A:     Just laughing and started talking.  Trying to make conversation. Just talking while we did that.

Q:      What kinds of things was she saying?

A:      Just talking mainly about, you know, she's been through something
         similar before.  And at that time—

At that point, McFatridge objected and requested a conference.  The trial court excused the jury.  McFatridge reminded the court that an order on a motion in limine had been signed requiring prior discussion at the bench of any prior or extraneous offenses.  McFatridge moved for a mistrial, and after much debate, the trial court denied the request for a mistrial.  The trial court instructed the jury "to disregard the previous sentence, or two that you heard just before you walked out that was given by the witness.  Disregard it.  It's not to be considered."

When the trial court sustains a defendant's objection, grants a requested instruction to disregard, but denies a motion for mistrial, the issue is whether the refusal to grant the mistrial was an abuse of discretion.  *Hawkins v. State*, 135 S.W.3d 72, 76-77 (Tex. Crim. App. 2004).  Only in extreme circumstances, where the prejudice is incurable, will a mistrial be required.  *Id*. at 77.  Although this case does not present an improper argument issue, we still use the *Mosley* factors in determining whether the answer given in response to the prosecutor's question warranted a mistrial.  *Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998).  Those factors are: (1) the severity of the misconduct (the magnitude of the prejudicial effect of the prosecutor's remarks), (2) the measures adopted to cure the misconduct (the efficacy of any cautionary instruction by the judge), and (3) the certainty of conviction absent the misconduct (the strength of

the evidence supporting the conviction). *Ramon v. State*, 159 S.W.3d 927, 929 (Tex. Crim. App. 2004); *Mosley*, 983 S.W.2d at 259.

In this case, the trial court did not abuse its discretion in denying McFatridge's motion for mistrial. First, although the answer given to the State's question may have violated the order on the motion in limine, the violation was not severe; and regardless of the ruling on the motion in limine, it is the admission of the evidence that we review, not the violation of the order in limine. No specific offense was mentioned nor was it mentioned that McFatridge, herself, had been previously arrested and taken to jail. There were other inferences that could have been made from the statement of the officer. Second, the instruction to disregard was effective. A lot of time had elapsed between the statement and the instruction, and the trial court was careful not to refresh or reinforce the jury's memory of the content of the statement. Third, there was overwhelming evidence supporting the conviction absent this violation.

McFatridge's sixth issue is overruled.

### HORIZONTAL GAZE NYSTAGMUS

In her last issue, McFatridge complains about the failure of Officer Carpenter to score the Horizontal Gaze Nystagmus test. McFatridge assigns no error regarding this "failure" and fails to cite to any authority regarding this issue. Accordingly, this issue is inadequately briefed and presents nothing for review. *See* TEX. R. APP. P. 38.1(i). To the extent that McFatridge is complaining that the failure to score the Horizontal Gaze Nystagmus test affects the sufficiency of the evidence to support her conviction, we have already reviewed the evidence under the appropriate standard and have found

the evidence to be sufficient to support the jury's verdict.  *See Jackson v. Virginia*, 443

U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979).

McFatridge's seventh issue is overruled.

## CONCLUSION

Having overruled each issue properly presented, we affirm the judgment of the

trial court.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed April 6, 2011
Do not publish
[CR25]