IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00049-CR

 

Melanie Denise McFatridge,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the County Court

Navarro County, Texas

Trial Court No. 58988

 



MEMORANDUM  Opinion










 

            Melanie Denise McFatridge
was found guilty by a jury of the offense of driving while intoxicated.  Tex. Penal Code Ann. § 49.04 (West 2003). 
The trial court sentenced her to 180 days in jail with a fine of $1,250.  The
sentence was suspended and McFatridge was placed on community supervision for
24 months.  We affirm the trial court’s judgment.

Background

            McFatridge was driving her
van at night when she drove across the yard of one residence, striking and
damaging a brick light fixture in the yard.  She then continued across a part
of another yard, coming to a stop when she crashed the van through the exterior
wall of the home of Wallace Watson.  A gas meter was also sheared off at
Watson’s home during the incident.  Watson came out of his house and saw
McFatridge in the driver’s seat of the van.  He knocked on her window because
the van’s engine was still “roaring” and he thought his house would catch on
fire.  McFatridge opened the door and got out of the van.  When Watson told her
the police were on their way and asked if she had insurance, McFatridge got
back in the van and “roared” the engine again as if she was trying to leave.  

            When the police arrived,
they found McFatridge in the driver’s seat of the van.  There were no
passengers.  Officers Tidwell and Carpenter started gathering information from
McFatridge.  She stated that she was okay, but she appeared to the officers to
be disoriented.  When she was asked for her driver’s license, she thumbed past
it twice, and Tidwell had to point it out to her.  The officers had McFatridge
get out of the van because of the gas leak and move to the street where they
continued their investigation.  There, the officers noticed a strong odor of an
alcoholic beverage coming from her breath.  Tidwell noticed that her speech was
slightly slurred.  Carpenter noticed that McFatridge was slow to respond to
Carpenter’s questions, her speech was slurred, and her eyes were “real
glossy.”  When asked if she had been drinking, McFatridge replied at first that
she had had a drink at a friend’s house.  Later, she stated to Tidwell that she
had been removing stain from furniture and that the remover had absorbed into
her skin making her act intoxicated.  Tidwell did not see any furniture
stripping chemicals in the van, but other officers found an open vodka bottle
in the van which still contained some vodka.  

            McFatridge was asked to
perform field sobriety tests.  Carpenter attempted to conduct the Horizontal
Gaze Nystagmus test but did not score the test and did not count it against
McFatridge because of the conditions at the scene.  While performing the
walk-and-turn test, McFatridge did not count as required, stepped off the line,
could not walk heel to toe, and used her arms for balance.  While performing
the one-leg-stand test, McFatridge put her arms out and could not keep her
balance.  She also dropped her foot.  After performing those two tests, and
based on the totality of the circumstances, the officers determined McFatridge
was intoxicated.  She was arrested and read her Miranda rights. 
McFatridge also refused to take a breathalyzer exam.  At the jail, McFatridge
performed the two sobriety tests again and was better at completing them, but
she was also “giggly.”  

Confrontation
Clause

McFatridge first contends that the trial
court erred by allowing Officer Tidwell to testify about the vodka bottle
located in McFatridge’s van when Tidwell was not the officer who inventoried
the van.  Specifically, McFatridge contends that Tidwell’s testimony violated
the Confrontation Clauses to the United States and Texas Constitutions. 
McFatridge’s issue, however, is not preserved.  At trial, McFatridge made a
hearsay objection to a question by the State to Tidwell regarding when the
vodka bottle had been found in McFatridge’s van.[1] 
An objection on hearsay does not preserve error on Confrontation Clause
grounds.[2] 
Reyna v. State, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005); Paredes
v. State, 129 S.W.3d 530, 535 (Tex. Crim. App. 2004).  

McFatridge’s first issue is overruled.

Ineffective
Assistance of Counsel

By her second issue, McFatridge
complains that her counsel was ineffective because he did not object as hearsay
to Officer Ronni Carpenter’s testimony about seeing the vodka bottle in
McFatridge’s van which denied McFatridge her right of confrontation.  To
present an issue for review, a brief must contain appropriate citations to
authorities.  Tex. R. App. P.
38.1(i).  McFatridge cites to no legal authorizes regarding ineffective
assistance of counsel.  Accordingly, this issue is inadequately briefed and
presents nothing for review.  Id.  Further, as noted in our disposition
of the previous issue, a hearsay objection would not have preserved the
Confrontation Clause argument McFatridge sought to raise on appeal.  See
Reyna v. State, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005); Paredes
v. State, 129 S.W.3d 530, 535 (Tex. Crim. App. 2004). 

 Her second issue is overruled.

Insufficient
Evidence

McFatridge next contends the evidence is
insufficient to prove beyond a reasonable doubt that she was intoxicated.  The Jackson
v. Virginia standard is the only standard that a reviewing court should
apply in determining whether the evidence is sufficient to support each element
of a criminal offense that the State is required to prove beyond a reasonable
doubt.  Brooks v. State, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); see
Jackson v. Virginia, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560
(1979).  Under the Jackson standard, "the relevant question is
whether, after viewing the evidence in the light most favorable to the
prosecution, any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt."  Jackson, 443
U.S. at 319 (emphasis in original).  After reviewing the record under the
appropriate standard, we find the evidence sufficient to support the jury’s
verdict.  

McFatridge’s third issue is overruled.

Expert
Testimony

            In her fourth issue,
McFatridge argues that the trial court erred in allowing Officer Tidwell to
testify as an expert without the proper “20 day” notice prior to trial when the
trial court did not allow her own expert to testify due to a violation of the
same notice provision.[3] 
McFatridge argued at trial and now argues on appeal that article 39.14(b) of
the Texas Code of Criminal Procedure requires the prosecution, as well as the
defense, to disclose any expert witnesses not later than the 20th day before
the date the trial begins and that by allowing Tidwell to testify, the trial
court erred.

Article 39.14(b) provides:

(b) On motion of a party and on
notice to the other parties, the court in which an action is pending may
order one or more of the other parties to disclose to the party making the
motion the name and address of each person the other party may use at trial to
present evidence under Rules 702, 703, and 705, Texas Rules of Evidence.  The
court shall specify in the order the time and manner in which the other party
must make the disclosure to the moving party, but in specifying the time in
which the other party shall make disclosure the court shall require the other
party to make the disclosure not later than the 20th day before the date the
trial begins.

 

Tex. Code Crim.
Proc. Ann. art. 39.14(b)
(West Supp. 2010) (emphasis added).  Article 39.14(b), however, is not
"self-executing."  Harris v. State, 287 S.W.3d 785, 792 (Tex.
App.—Houston [1st Dist.] 2009, no pet.).  Rather, article 39.14(b) allows a
trial court to order the State to list its expert witnesses upon request.  Id. 
Even with a request, there must be an order before the State is required to
timely disclose its expert witnesses.  See id.; Tamez v. State,
205 S.W.3d 32, 39-40 (Tex. App.—Tyler 2006, no pet.).

The State filed a motion requesting that
McFatridge disclose her expert witnesses, and the trial court granted that
motion.  Although McFatridge filed a motion requesting that the State disclose
its expert witnesses, no order was signed requiring the disclosure.  Therefore,
because there was no order granting the motion requesting disclosure by the
State of its expert witnesses, the trial court did not err in allowing Tidwell
to testify.  

McFatridge’s fourth issue is overruled.

Writing Used to
Refresh Memory

            McFatridge asserts in her
fifth issue that the trial court erred in failing to admit a writing that
McFatridge contends was used by Officer Tidwell to refresh his memory while
testifying.  While on cross-examination, McFatridge asked Tidwell if he
prepared a report for this case.  He replied that he did not.  Tidwell was
asked what he had in his hand.  Tidwell replied that it was a report but not his
report.  He then handed the document to McFatridge.  McFatridge discovered a
little later that Tidwell also handed in a list of 48 questions, without
answers, prepared by the State.  When McFatridge began questioning Tidwell
about the list, the State objected that the list was its work product. 
McFatridge countered that the work product privilege was waived and that
because Tidwell carried it to the stand, McFatridge was entitled to ask Tidwell
anything about it.  McFatridge also contended she was entitled to have the list
in front of the jury so that the jury could determine Tidwell’s credibility. 
McFatridge claimed her intent was strictly for impeachment purposes.  

The trial court ultimately sustained the
State’s objection and McFatridge questioned Tidwell about the list for the
purpose of a bill of review.  Tidwell testified that he did not go over the
questions with the State prior to testifying.  He also stated that he probably
glanced at the first seven or eight questions.  Tidwell also testified that he
talked with the State’s prosecutors for about a minute the morning of the trial
and that the State never suggested any answers to the list of questions.  The
trial court then ruled that the list could not either be admitted or go before
the jury.

On appeal, McFatridge argues that,
pursuant to former Rule 611 of the Texas Rules of Criminal Evidence, the trial
court should have allowed her to introduce the list of questions into
evidence.  Rule 611 of the Texas Rules of Criminal Evidence was the predecessor
to the current Rule 612, Writing Used to Refresh Memory, of the Texas Rules of
Evidence.  Rule 612 provides that if a witness uses a writing to refresh his
memory for the purpose of testifying either while testifying or, in a criminal
case, before testifying, an adverse party is entitled to have the writing
produced at the hearing, to inspect it, to cross-examine the witness on it, and
to introduce in evidence those portions which relate to the testimony of the
witness.  Tex. R. Evid. 612.  

McFatridge is only entitled to the list
if it was actually used by Tidwell to refresh his memory.  See id.;
Pondexter v. State, 942 S.W.2d 577, 582 (Tex. Crim. App. 1996)
(interpreting previous rule, Rule 611).  No one asked Tidwell if he used the
list of questions in order to refresh his memory.  Since there is no evidence
from the record to establish that Tidwell did in fact use the list to refresh
his memory during or before his testimony, the trial court did not err in
refusing to admit the list.  See Thomas v. State, ___ S.W.3d ___,
2010 Tex. App. LEXIS 9558, *17 (Tex. App.—Houston [1st Dist.] Nov. 30, 2010, no
pet.); Love v. State, No. 01-08-00941-CR, 2009 Tex. App. LEXIS 8952,
*19-20 (Tex. App.—Houston [1st Dist.] Nov. 19, 2009, no pet.) (mem. op.) (not
designated for publication).  

McFatridge’s fifth issue is overruled.

Mistrial

In her sixth issue, McFatridge argues
that the trial court abused its discretion in overruling her motion for
mistrial.  On direct examination, the State asked Officer Carpenter how
McFatridge was behaving at the jail.  Carpenter answered that McFatridge was
“giggley [sic].”  The following exchange then took place.

Q:        What do you mean giggley
[sic]?

A:        Just laughing and started
talking.  Trying to make conversation.  Just talking while we did that.

 

Q:        What
kinds of things was she saying?

A:        Just talking mainly about, you
know, she’s been through something similar before.  And at that time—

 

At that point, McFatridge objected and
requested a conference.  The trial court excused the jury.  McFatridge reminded
the court that an order on a motion in limine had been signed requiring prior
discussion at the bench of any prior or extraneous offenses.  McFatridge moved
for a mistrial, and after much debate, the trial court denied the request for a
mistrial.  The trial court instructed the jury “to disregard the previous
sentence, or two that you heard just before you walked out that was given by
the witness.  Disregard it.  It’s not to be considered.”

When the trial court sustains a
defendant’s objection, grants a requested instruction to disregard, but denies
a motion for mistrial, the issue is whether the refusal to grant the mistrial
was an abuse of discretion.  Hawkins v. State, 135 S.W.3d 72, 76-77
(Tex. Crim. App. 2004).  Only in extreme circumstances, where the prejudice is
incurable, will a mistrial be required.  Id. at 77.  Although this case
does not present an improper argument issue, we still use the Mosley
factors in determining whether the answer given in response to the prosecutor’s
question warranted a mistrial.  Mosley v. State, 983 S.W.2d 249, 259
(Tex. Crim. App. 1998).  Those factors are: (1) the severity of the misconduct
(the magnitude of the prejudicial effect of the prosecutor's remarks), (2) the
measures adopted to cure the misconduct (the efficacy of any cautionary
instruction by the judge), and (3) the certainty of conviction absent the
misconduct (the strength of the evidence supporting the conviction).  Ramon
v. State, 159 S.W.3d 927, 929 (Tex. Crim. App. 2004); Mosley, 983
S.W.2d at 259.

In this case, the trial court did not
abuse its discretion in denying McFatridge’s motion for mistrial.  First,
although the answer given to the State’s question may have violated the order
on the motion in limine, the violation was not severe; and regardless of the
ruling on the motion in limine, it is the admission of the evidence that we
review, not the violation of the order in limine.  No specific offense was
mentioned nor was it mentioned that McFatridge, herself, had been previously
arrested and taken to jail.  There were other inferences that could have been
made from the statement of the officer.  Second, the instruction to disregard
was effective.  A lot of time had elapsed between the statement and the
instruction, and the trial court was careful not to refresh or reinforce the
jury’s memory of the content of the statement.  Third, there was overwhelming
evidence supporting the conviction absent this violation.  

McFatridge’s sixth issue is overruled.

Horizontal Gaze
Nystagmus

            In her last issue,
McFatridge complains about the failure of Officer Carpenter to score the
Horizontal Gaze Nystagmus test.  McFatridge assigns no error regarding this
“failure” and fails to cite to any authority regarding this issue. 
Accordingly, this issue is inadequately briefed and presents nothing for
review.  See Tex. R. App. P.
38.1(i).  To the extent that McFatridge is complaining that the failure to
score the Horizontal Gaze Nystagmus test affects the sufficiency of the
evidence to support her conviction, we have already reviewed the evidence under
the appropriate standard and have found the evidence to be sufficient to
support the jury’s verdict.  See Jackson v. Virginia, 443 U.S.
307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979).  

            McFatridge’s seventh issue
is overruled.

Conclusion

            Having overruled each issue
properly presented, we affirm the judgment of the trial court.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Davis, and

            Justice
Scoggins

Affirmed

Opinion
delivered and filed April 6, 2011

Do
not publish

[CR25]









[1]
Tidwell did not ultimately answer the question.  

 





[2]
Further, any complaint is not preserved because the hearsay objection was
sustained and McFatridge did not pursue the matter to an adverse ruling.  Ramirez
v. State, 815 S.W.2d 636, 643 (Tex. Crim. App. 1991); Darty v. State,
709 S.W.2d 652 (Tex. Crim. App. 1986).





[3]
McFatridge appears to only complain about the trial court allowing the officer
to testify in an expert capacity for the State, not about the trial court
failing to allow her expert to testify.